

United States District Court
Southern District of Texas
FILED

MAY 3 0 2000

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

No. **B-00-082** .

Maria Elena Hernandez,
Miguel Angel Hernandez,
Heather Butler, individually and
on behalf of all others similarly
situated,

Plaintiffs,

v.                                                    NOTICE OF REMOVAL

1.   CIBA-GEIGY Corp. USA,
2.   Novartis Pharmaceuticals Corp.
3.   Children and Adults with
     Attention-Deficit/Hyperactivity
     Disorder (CHADD),
4.   American Psychiatric Association,

Defendants.

---

Defendant Novartis Pharmaceuticals Corp., on its own behalf and on behalf of the now-defunct Ciba-Geigy Corp. USA, to which Novartis Pharmaceuticals Corp. is successor for purposes of the claims made in this action (hereafter collectively "Novartis"), defendant CHADD, Inc. (Children & Adults with Attention-Deficit/Hyperactivity Disorder) (mistakenly sued as Children and Adults with Attention-Deficit/Hyperactivity Disorder (CHADD))(hereafter "CHADD"), and defendant American Psychiatric Association, for their notice of removal, state:

1.      This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446, to effect the removal to this United States District Court of an action filed by the above-named plaintiffs in the Cameron County District Court, 103rd Judicial District, State of Texas, entitled <u>Maria Elena Hernandez, Miguel Angel Hernandez, Heather Butler,</u>

individually and on behalf of all others similarly situated, Plaintiffs, v. Ciba-Geigy Corp.

USA, Novartis Pharmaceuticals Corp., Children and Adults with Attention-

Deficit/Hyperactivity Disorder (CHADD), and American Psychiatric Association,

Defendants.  Ciba-Geigy Corp. USA, Novartis Pharmaceuticals Corp., CHADD, Inc.

(Children & Adults with Attention-Deficit/Hyperactivity Disorder) (mistakenly sued as

Children and Adults with Attention-Deficit/Hyperactivity Disorder (CHADD)), and

American Psychiatric Association are the named defendants in said action.

2.     On information and belief, and according to the allegations of the

petition, plaintiffs are individuals who are residents of the state of Texas.

3.     Ciba-Geigy Corp. USA at one time was the manufacturer of Ritalin.

On January 1, 1997, the pharmaceutical business of Ciby-Geigy (including the manufacture

of Ritalin) was transferred to Novartis Pharmaceuticals Corp., and Ciba-Geigy Corp. USA

ceased to exist.  When Ciba-Geigy Corp. USA did business, it was a corporation organized

under the laws of the State of New York, and its principal place of business was in the State

of New York.  Novartis Pharmaceuticals Corp. is the successor to Ciba-Geigy Corp. USA for

purposes of the claims asserted in this action.

4.     Novartis Pharmaceuticals Corp. is a corporation organized and existing

under the laws of the State of Delaware, with its principal places of business in the State of

New Jersey.

5.     Children and Adults with Attention-Deficit/Hyperactivity Disorder

(CHADD) is a nonprofit corporation organized and existing under the laws of the State of

Florida, with its principal place of business in the State of Maryland.  See Cumulative List of

Organizations Described in Section 170(c) of the Internal Revenue Code of 1986, I.R.S. Pub.

No. 78 at 405 (Sept. 30, 1998). Contrary to the allegation in plaintiffs' petition, CHADD is not an unincorporated association.

6.    American Psychiatric Association (APA) is a nonprofit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia. See Cumulative List of Organizations Described in Section 170(c) of the Internal Revenue Code of 1986, I.R.S. Pub. No. 78 at 92 (Sept. 30, 1998). Contrary to the allegation in plaintiffs' petition, APA is not an unincorporated association.

7.    All of the named plaintiffs are citizens of the state of Texas, and none of the defendants is a citizen of the state of Texas. Complete diversity of citizenship therefore exists between plaintiffs and defendants.

8.    The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Plaintiffs' petition purports to be brought on behalf of a class consisting of "all persons in the United States and its territories who have purchased Ritalin within the four years proceeding [sic] the filing of this complaint, excluding any officers, or employees or any of their children, of any of the defendants," Petition ¶ 44, and seeks as a remedy "[r]efund of all monies paid to purchase Ritalin within the four years preceding the filing of this complaint," Petition ¶ 45. By way of example only, and without limitation, Novartis's sales records confirm that the following putative members of plaintiffs' defined class have made the following purchases of Ritalin during the period defined:

a.    Cardinal Syracuse Inc. purchased in excess of $75,000 of Ritalin in calendar years 1997, 1998 and 1999 combined.

-3-

CM/PDF - www.fasoo.com

b.      Albertsons, Inc. purchased in excess of $75,000 of Ritalin in calendar years 1997, 1998 and 1999 combined.

c.      Bellco Drug Corporation purchased in excess of $75,000 of Ritalin in calendar years 1997, 1998 and 1999 combined.

As a consequence, the amount in controversy as to each of these putative class members (as well as to others) exceeds $75,000, and original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1332.  See In re Abbott Laboratories, 31 F.3d 524 (5th Cir. 1995).  The state court action is thus removable pursuant to 28 U.S.C. § 1441.

9.      In addition, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, based on the named plaintiffs' claims.  In addition to compensatory damages, exemplary damages, and treble damages, the named plaintiffs seek "reasonable attorney's fees, expenses, and costs of suit."  Petition ¶ 50. Pursuant to the applicable law, including the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-2 et seq., under which plaintiffs assert claims, the class attorney's fees may be attributed to the named plaintiffs who are ultimately liable for them.   Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1332, see In re Abbott Laboratories, 31 F.3d 524 (5th Cir. 1995), and the state court action is removable pursuant to 28 U.S.C. § 1441.

10.     In the alternative, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, based on the named plaintiffs' claims because the claims for exemplary damages and attorneys fees seek to establish common pools of funds both for the alleged benefit of all putative class members and for the purported "common benefit" and "collective good."  Given the nature of the case and the number of putative class

members, which plaintiffs' own petition states "easily numbers in the millions," Petition ¶ 37, the amount plaintiffs seek for these common damages plainly far exceeds $75,000. Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1332, see, e.g., Cohen v. Office Depot, Inc., 184 F.3d 1292, 1295 (11th Cir. 1999), and the state court action is removable pursuant to 28 U.S.C. § 1441.

      11.    In addition, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, based on the cost to defendants of plaintiffs' request for "[i]njunctive relief in the form of an order permanently enjoining defendants from failing to provide all known information concerning the lack of long-term efficacy of Ritalin, and its adverse short-term and long-term effects, to purchasers, doctors, educators and the public." Petition ¶ 49. Plaintiffs assert that "[t]he injunctive relief prayed for in this complaint is . . . appropriate for all class members." Petition ¶ 42. Although this claim for relief is vague, there can be no question that, should this injunctive relief be granted, defendants would incur in excess of $75,000 in complying with such an injunction. For example, and without limitation, the costs to Novartis of providing reasonable publicity to such supposed "corrections" and "additions" through appropriate newspapers and other publications (e.g., USA Today, Newsweek, major urban dailies) would by itself cost Novartis far in excess of $75,000. Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1332, e.g., Justice v. Atchison, Topeka & Santa Fe Ry. Co., 927 F.2d 503, 505 (10th Cir. 1991), and the state court action is removable pursuant to 28 U.S.C. § 1441.

      12.    In addition, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, based on the claimed value to plaintiffs and the

general public of plaintiffs' request for "[i]njunctive relief in the form of an order

permanently enjoining defendants from failing to provide all known information concerning

the lack of long-term efficacy of Ritalin, and its adverse short-term and long-term effects, to

purchasers, doctors, educators and the public."  Petition ¶ 49.  Plaintiffs assert that "[t]he

injunctive relief prayed for in this complaint is . . . appropriate for all class members."

Petition ¶ 42.  As reflected in their answer, defendants Ciba-Geigy and Novartis deny

plaintiffs' allegations of fraud, conspiracy and violations of the New Jersey Consumer Fraud

Act that underlie plaintiffs' proposed remedy.  However, assuming for present purposes that

plaintiffs' version of the facts is true, the value of the right to be protected and the extent of

the injury to be prevented by the injunctive relief sought, a common benefit both to class

members (which the petition numbers in the millions) and to (as the Petition terms it at ¶ 49)

"purchasers, doctors, educators and the general public," would far exceed $75,000.  Based on

plaintiffs' allegations, these supposed common benefits would presumably include such

things as avoided future expenditures and medical complications and their social and societal

costs.  Accordingly, original jurisdiction over this action lies with this Court pursuant to 28

U.S.C. § 1332, e.g., Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983), and the state

court action is removable pursuant to 28 U.S.C. § 1441.

13.    In addition, plaintiff's petition alleges that defendants Ciba and

Novartis have "repeatedly violated Article 10 of the United Nations Convention on

Psychotropic Substances, 1019 U.N.T.S. 175 (1971).  Petition ¶ 21 (incorporated by

reference into plaintiffs' fraud and conspiracy claims, ¶¶ 23 and 28 respectively).  The

United States Senate, pursuant to its treaty power, U.S. Const. art. II, § 2, cl. 2, ratified this

convention in relevant part on March 20, 1980, a ratification adopted by the President on

April 7, 1980. <u>See</u> 32 U.S.T. 543. Although, as reflected in its answer, Novartis denies any such violations and disputes that plaintiffs may invoke such a treaty to ground a cause of action, the allegation raises a question arising under a treaty of the United States. Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1331, and the state court action is removable pursuant to 28 U.S.C. § 1441.

   14. In addition, as noted above, plaintiff's petition alleges that defendants Ciba and Novartis have "repeatedly violated Article 10 of the United Nations Convention on Psychotropic Substances, 1019 U.N.T.S. 175 (1971), Petition ¶ 21, and incorporates that allegation into its tort claims of fraud and conspiracy. ¶¶ 23, 28. The United States Senate, pursuant to its treaty power, U.S. Const. art. II, § 2, cl. 2, ratified this convention in relevant part on March 20, 1980, a ratification adopted by the President on April 7, 1980. <u>See</u> 32 U.S.T. 543. Plaintiffs' petition purports to be brought on behalf of a class consisting of "all persons in the United States and its territories who have purchased Ritalin within the four years proceeding [sic] the filing of this complaint, excluding any officers, or employees or any of their children, of any of the defendants." Petition ¶ 44. This class definition is not limited to U.S. citizens, but includes aliens as well. Although, as reflected in its answer, Novartis denies that it violated any treaty and denies that plaintiffs may invoke such a treaty to ground a cause of action, plaintiffs' petition, on behalf of its putative alien class members, asserts a tort claim by aliens based on a treaty of the United States. Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1350, and the state court action is removable pursuant to 28 U.S.C. § 1441.

   15. In addition, plaintiff's petition seeks an order "permanently enjoining defendants from failing to provide all known information concerning the lack of long-term

-7-

CutePDF - www.fasio.com

efficacy of Ritalin, and its adverse short-term and long-term side effects, to purchasers, doctors, educators and the general public." Petition ¶ 49. Although pleaded in the guise of fraud, conspiracy, and New Jersey Consumer Fraud Act claims, this proposed remedy makes clear that plaintiffs here in fact seek nothing less than the judicial invalidation of the federal statutes and regulations governing the labeling of Ritalin. E.g., 21 CFR §§ 201.56-.57. As more fully reflected in its answer, Novartis denies plaintiffs' entitlement to such a remedy as a matter of law, but the requested remedy plainly raises a question under the laws of the United States. Accordingly, original jurisdiction over this action lies with this Court pursuant to 28 U.S.C. § 1331, and the state court action is removable pursuant to 28 U.S.C. § 1441.

16.    No agent or employee of any defendant received a copy of the summons and petition or any other process in the state court action until May 3, 2000, when Corporate Services, Inc., as defendant Novartis Corp.'s registered agent, received a copy by personal service. True and correct copies of the Summons, Original Petition, and the Answers of Novartis/Ciba-Geigy, American Psychiatric Association, and CHADD are attached. These documents constitute all process, pleadings and orders served on or by the defendants in this action to date.

17.    This Notice is being filed within thirty (30) days of the date any defendant received a copy of the initial pleadings in this case by service or otherwise, as required by 28 U.S.C. § 1446(b).

18.    As demonstrated by the attached signature of their counsel, defendants CHADD and American Psychiatric Association consent to and join in this Notice of Removal. As a consequence, all defendants have joined in this Notice of Removal.

-8-

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiffs and filed with the court administrator for the District Court of Cameron County, Texas.

WHEREFORE, defendants Ciba-Geigy Corp. USA, Novartis Pharmaceuticals Corp., CHADD, Inc. (Children & Adults with Attention-Deficit/Hyperactivity Disorder) and American Psychiatric Association request that the above-captioned action be removed from the 103rd Judicial District of the State of Texas to the United States District Court, Southern District of Texas, and that all further proceedings in this action be held before this Court.

Dated:_____ May 30 _____, 2000

FAEGRE & BENSON LLP

James A. O'Neal, #8248x
Joseph M. Price, #88201
Bruce Jones, #17955
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 336-3000

BAKER BOTTS LLP

Earl B. Austin
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6542

RODRIGUEZ, COLVIN & CHANEY

_Eduardo Roberto Rodriguez_   w/ permission
                                                MCBatsell

Eduardo Rodriguez
Marjory C. Batsell
1201 East Van Buren Street
P.O. Box 2155
Brownsville, Texas 78520
(956) 542-7441

**Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.**

CROWELL & MORING

Robert P. Charrow
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500

SCHIRRMEISTER AJAMIE, LLP

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas  77002
(713) 860-1600

**Attorneys for American Psychiatric
Association**

ARENT & FOX

Gerald Zingone
1050 Connecticut Ave. NW
Washington, DC  20036
(202) 857-6460

ADAMS & GRAHAM, L.L.P.

Tom A. Lockhart
222 East Van Buren, West Tower
Harlingen, Texas  78550
(956) 428-7495

**Attorneys for Children and Adults
with Attention-Deficit/Hyperactivity
Disorder (CHADD)**

Hernandez–Notice of Removal 2.doc