**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 2 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Maria Elena Hernandez, ) | |
| Miguel Angel Hernandez, ) | |
| Heather Butler, individually and ) | |
| on behalf of all other similarly ) | |
| situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. B-00-082 |
| ) | |
| CIBA-GEIGY Corp. USA, ) | |
| Novartis Pharmaceuticals Corp., ) | |
| Children and Adults with Attention- ) | |
| Deficit/Hyperactivity Disorder ) | |
| (CHADD), ) | |
| American Psychiatric Association, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMERICAN PSYCHIATRIC ASSOCIATION'S
MOTION TO DISMISS UNDER RULE 9(b)**

Pursuant to Federal Rule of Civil Procedure 9(b), defendant American Psychiatric Association ("APA") moves this Court to dismiss this suit against APA because the allegations of fraud, on which all of plaintiffs' claims against APA are based, lack the particularity required by Fed. R. Civ. P. 9(b). Specifically, plaintiffs have failed to state the "circumstances constituting fraud . . . with particularity" which they attribute to APA, including the time and location of, and the participants in, the alleged misrepresentations.

1.

**BACKGROUND**

Plaintiffs commenced this action against defendant APA and others, alleging – with respect

to APA – fraud and civil conspiracy. Plaintiffs purport to be acting on behalf of a class of all persons who purchased Ritalin® during the four years preceding the filing of the complaint. Complaint ¶ 44.[1]

Plaintiffs base their claims on the defendants' alleged conduct concerning the drug Ritalin® and its use in treating the medical conditions Attention Deficit Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD"). In particular, with respect to APA, plaintiffs allege that APA fraudulently aided, abetted, and promoted the concept of Ritalin® therapy for treatment of ADD and ADHD by allegedly creating the "novel medical" diagnoses of ADD and ADHD in exchange for financial contributions from the pharmaceutical industry, including named defendants CIBA-GEIGY Corp. USA and Novartis Pharmaceuticals Corp. ("Novartis"). Complaint ¶¶ 17-18; 23-31.

Founded in 1844, APA is the nation's oldest medical specialty society. Its 40,500 physician members specialize in the diagnosis and treatment of mental and emotional illnesses and substance abuse disorders. APA is organized as a nonprofit corporation, and recognized as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code. Its principal place of business is located in Washington, D.C.

APA and its physician members are dedicated to the scientific and educational advancement of psychiatry. As an integral part of this effort, APA publishes the <u>Diagnostic and Statistical Manual of Mental Disorders</u> ("DSM"). DSM was first published by APA in 1952, as a glossary of descriptions of mental health diagnostic categories. APA has since published three editions of DSM (DSM II (1968), III (1980), and IV (1994)), as well as one intervening revision, DSM III-R (1987).

---

[1] Plaintiffs' initial pleading was captioned as a "Petition" in State Court before removal to this Court. For convenience of reference, this memorandum will refer to that pleading as a "complaint," consistent with the federal rules.

2

The publication of each edition of DSM represents the culmination of years of study within the APA and the broader mental health community, including clinical studies, literature reviews, and working group deliberations regarding diagnostic criteria by experts in both the private sector and government. Intended for use by professional clinicians, DSM is now widely recognized as the common language of mental health clinicians and researchers for communicating about the mental disorders for which they have professional responsibility. Despite DSM's widespread use as a diagnostic tool, it contains no treatment recommendations. Rather, it is simply a scientifically-based compilation of diagnostic categories.

## 2.

## ARGUMENT

### THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS' HAVE NOT PLED THEIR CLAIMS WITH THE SPECIFICITY REQUIRED BY RULE 9(b).

This Court should dismiss plaintiffs' claims against APA for fraud and conspiracy because plaintiffs have failed to allege the circumstances underlying these fraud-based claims with the particularity required by Rule 9(b). Specifically, plaintiffs have failed to allege the substance of the misrepresentations they attribute to APA and the other defendants, or to allege the time, place, manner or communicator of these claimed statements. A deficiency with respect to any one of these facts would justify judicial intervention; together, these deficiencies demonstrate that plaintiffs' claims are fatally vague and, therefore, must be dismissed.

### A.  Rule 9 Requires Plaintiffs To Plead The Circumstances Of Their Claims With Particularity.

Plaintiffs' fraud claims in the present case are governed by Fed. R. Civ. P. 9(b), which requires as follows:

3

> **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.[2]

This means that a "plaintiff pleading fraud must set forth 'the who, what, when, and where . . . before access to the discovery process is granted.' Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citations omitted)(describing the "heightened level of pleading [required] for fraud claims.").

In other words, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *rehr'g denied*, 116 F.3d 1479, *cert. denied*, 522 U.S. 966 (1997).

**B.  Plaintiffs Fail To Sufficiently Identify The Fraudulent Misrepresentations Allegedly Committed By APA.**

In the present case, plaintiffs have failed to identify with any specificity the nebulously-characterized misrepresentations – *i.e.*, the diagnoses of ADD and ADHD, and the promotion of Ritalin® therapy for treatment thereof – that the APA allegedly committed, either individually or as part of a conspiracy.

In their Complaint, Plaintiffs use vague and conclusory language to suggest that misrepresentations have occurred without ever identifying those misrepresentations' supposed substance. Complaint ¶ 11 ("Ciba/Novartis, in combination with . . . [APA], planned, conspired, and

---

[2]Although state law will govern plaintiffs' burden of proving at least portions of their claims at trial, Rule 9(b) governs fraud pleadings in federal court. *See Follenfont v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966) ("In matters of pleading, federal courts are not governed by the state practice, but by the Federal Rules of Civil Procedure.").

4

colluded to create, develop, promote, and confirm the diagnoses of [ADD] and [ADHD]..."); Complaint ¶ 17 ("APA aided, abetted and promoted the concept of Ritalin therapy..."). *See also* Complaint ¶ 18, ¶ 29(1) & (2).

Perhaps the best example of this pattern is plaintiffs' entire fraud count (Complaint ¶¶ 23-27), which merely parrots the elements of fraud and contains virtually no substance whatsoever. Although plaintiffs are relentless in the rote repetition of their accusations, such repetition does not equate with substance:

> [M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated.

*Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985); *cf. Williams*, 112 F.3d at 178 ("A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail.").

Without knowing what representations plaintiffs claim it has made, APA cannot prepare to defend this case. Without greater specificity, APA cannot ascertain whether it actually made the representation in question, cannot evaluate whether the representation was true, and cannot determine the context of the representation or the reliance of plaintiffs on it. *See, e.g., Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)(holding that a complaint must allege "what misrepresentations (or omissions) of material fact [defendants] made to the plaintiffs that they reasonably relied upon to their detriment"). Furthermore, APA cannot ascertain how it may have coordinated such alleged misrepresentations with the other named defendants.

On this basis alone, the Court should dismiss plaintiffs' suit. Nevertheless, the Complaint contains other equally-fatal shortcomings.

5

C. **Plaintiffs' Complaint Fails To Allege With Particularity The Time And Location Of, And The Participants In, Defendants' Supposed Misrepresentations.**

In addition to the substance of the misrepresentation, to comply with Rule 9(b), "a plaintiff must at a minimum allege 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1004 (S.D. Tex. 1995) (citation omitted). The identity of the parties is particularly important. As one court noted:

> The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are "lumped together" and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given, nor the situs and circumstances of the conversation, nor . . . the date of the utterance.

*McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 931 (N.D. Ill. 1985) (citation omitted).

Here, it is unclear whether plaintiffs are alleging fraud committed by APA as a result of its publication of the DSM, or by individual member-physicians regarding the diagnoses of ADD or ADHD, or the prescription of Ritalin® therapy for treatment thereof. It is also unclear with whom APA – or its physician members – allegedly conspired to commit the supposed misrepresentations. Plaintiffs' complaint fails to identify *any* of the individuals who allegedly made the representations at issue. The complaint does not name a single officer, agent or representative of any of the defendants, including APA, anywhere in the pleading. Frequently, the complaint does not even attribute representations to a particular corporate defendant, but simply to "Defendants" as a group. Complaint ¶¶ 15, 24, 25, 26, 29, 30. This vague approach to identifying culpable parties does not comply with Rule 9(b). *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993)("The facts and circumstances constituting the fraud charges must be specifically demonstrated and cannot be

6

presumed from vague allegations.").

Plaintiffs' complaint is also silent on when, where, and in what manner APA's claimed misrepresentations took place. Although the complaint sometimes alludes to ranges of years in reciting plaintiffs' version of the history of Ritalin® therapy (notably in ¶¶ 11, 17-18), it never suggests *when* the alleged misrepresentations took place with any particularity whatever. Complaint ¶ 24 ("For many years, Defendants have made fraudulent misrepresentations...").

The complaint likewise leaves the method(s) of the supposed misrepresentations unacceptably obscure. Most paragraphs allege only "statements" or "misrepresentations," without suggesting whether the statements were oral, broadcast, written in correspondence, product literature, advertisements, or scholarly journals, or communicated by some other means. Complaint ¶ 24 ("Defendants have made fraudulent misrepresentations to the public, the scientific community and the media...").

Collectively, these omissions prove fatal to plaintiffs' complaint. As the federal district court for the Northern District of Illinois noted in dismissing a fraud claim for failure to comply with Rule 9(b):

> Suffice it to say that the complaint does not distinguish the activities of the individual defendants, identify the dates or places of the alleged misrepresentations, or identify the documents or statements which contain the alleged misrepresentations.

*Huang v. Shiu*, 124 F.R.D. 175, 177 (N.D. Ill. 1988). In light of the equally fatal shortcomings of plaintiffs' complaint in this case, this Court should similarly dismiss plaintiffs' complaint here.

**D.  Dismissal Of Plaintiffs' Complaint Would Serve All Of The Underlying Purposes Of Rule 9(b).**

The higher standard demanded by Rule 9(b) advances three important objectives: "to permit defendants to respond meaningfully; to bar groundless claims as a pretext for a fishing expedition to discover unknown wrongs, and to safeguard defendants from frivolous charges that damage their

7

reputations." *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). *See also Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)("This higher standard stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to the defendant's reputation.").

The Court's dismissal of plaintiffs' complaint here will clearly further the three objectives of Rule 9(b). *See Waters*, 158 F.R.D. at 109. Dismissal will eliminate a set of claims so vague and inconsistent that APA and the other defendants cannot reasonably be expected to defend against them. The dismissal will prevent plaintiffs' discovery fishing expedition, a project that plaintiffs have already commenced with the service of extensive discovery requests with their summons and complaint, which imposes a particular burden on a non-profit membership organization such as APA. Finally, dismissal will protect, from unfounded allegations of moral turpitude and corruption, a well-respected professional society working for the public good.

Rule 9(b) is "designed to prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiffs' vague, inconsistent, and conclusory allegations in no way justify imposing such costs here, and this Court should dismiss plaintiffs' complaint.

## CONCLUSION

For the reasons discussed above, APA urges this Court to grant its motion and to dismiss plaintiffs' complaint for failure to comply with the requirements of Rule 9(b).

Respectfully submitted,

By: *Andrew C. Schirrmeister, III*
Andrew C. Schirrmeister III
State Bar No. 17750650
Southern District of Texas Bar No. 5546
George R. Diaz-Arrastia
State Bar No. 05805600
Southern District of Texas Bar No. 12
**Schirrmeister Ajamie LLP**
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, TX 77002
(713) 860-1600 Telephone
(713) 860-1699 Facsimile

By: *JoAnn E. MacBeth*
JoAnn E. Macbeth
Laurel Pyke Malson.
Robert P. Charrow.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 Telephone

Attorneys for
American Psychiatric Association

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 11th day of July, 2000.

*Andrew C. Schirrmeister III*
Andrew C. Schirrmeister III