$18$

United States District Court
Southern District of Texas
FILED

AUG 1 4 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Maria Elena Hernandez, | § | |
| Miguel Angel Hernandez, | § | |
| Heather Butler, individually and | § | |
| on behalf of all others similarly | § | |
| situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | No. B-00-082 |
| CIBA-GEIGY Corp. USA, | § | |
| Novartis Pharmaceuticals Corp., | § | |
| Children and Adults with | § | |
| Attention-Deficit/Hyperactivity | § | |
| Disorder (CHADD), | § | |
| American Psychiatric Association, | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
NOVARTIS PHARMACEUTICALS CORPORATION'S
MOTION TO DISMISS**

Come now plaintiffs and file this their Response to Defendant Novartis

Pharmaceuticals Corporation's Motion to Dismiss and would respectfully show as

follows:

INTRODUCTION

This case comprises claims on behalf of a class of purchasers of the drug Ritalin.

The named plaintiffs, Texas parents of children who have taken Ritalin, state claims for

fraud and conspiracy, as well as claims under the New Jersey Consumer Fraud Act.

1

Defendant Novartis Pharmaceuticals Corp.[1] has filed a motion to dismiss plaintiffs' claims under Fed.R.Civ.Proc. 9(b), contending that all of plaintiffs' claims have been pled with insufficient specificity. For the reasons set forth below, this motion should be denied. In the alternative, if the Court finds that plaintiffs have not pled certain claims with the requisite specificity, they respectfully request leave to replead.

ARGUMENT AND AUTHORITIES

I.    RULE 9(b)'s REQUIREMENTS DO NOT APPLY TO CERTAIN OF PLAINTIFFS' CLAIMS

Fed. R.Civ.Proc. 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Under the plain terms of the rule, the only allegations that must be pled with "particularity" are allegations of fraud or mistake.

Notwithstanding the terms of Rule 9(b), defendant asks the Court to dismiss all of plaintiffs' claims – even those that do not turn on, and do not assert, the existence of fraud. For instance, plaintiffs have pled entitlement to relief under the New Jersey Consumer Fraud Act,[2] which proscribes not only deception and fraud, but also "the knowing concealment, suppression or omission of any material fact." See N.J.S.A. §

---

[1] Novartis Pharmaceuticals Corp. will be referred to in this response as "Novartis." Novartis has acknowledged in its pleadings that it is legally responsible in this suit for the acts of defendant Ciba-Geigy Corp. USA.

[2] At all times relevant to this case, Novartis and its predecessor were headquartered in New Jersey. Novartis' actions and course of conduct regarding Ritalin were directed from its New Jersey headquarters. Under Texas choice-of-law rules, as a general matter, a court will apply the law of the state of the allegedly tortious conduct, as opposed to the law of the place of injury. See, e.g., Mitchell v. Lone Star Ammunition, Inc., 913 F.2d 242 (5th Cir. 1990); Transportes Aereos Nacionales, S.A. v. Downey, 817 S.W.2d 393, 395 (Tex. App. – Houston [1st Dist.] 1991, orig. proceeding).

2

CUtePDF - www.texlu.com

56:8-13-301; see also plaintiffs' original complaint, paragraph 34. Yet with no analysis whatever, defendant states that "Rule 9(b)'s requirements apply to plaintiffs' fraud-based conspiracy and NJCFA claims as well as to the count formally labeled as 'fraud.'" (memorandum at 4).

Many, indeed most, of plaintiffs' claims do not involve allegations of fraud or fraudulent misrepresentations. For instance, plaintiffs allege that Novartis, and defendant American Psychiatric Association, colluded and conspired to create the diagnoses of Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD). No misrepresentation is implicated here; rather, a self-serving course of conduct with bad results and attendant damages is charged. Plaintiffs also maintain that defendant has illegally advertised and promoted Ritalin through defendant CHADD. There is no misrepresentation here either, but simply illegal conduct.

Novartis cites two cases for its broad-based approach: United States ex rel. Johnson v. Shell Oil Co., 183 F.R.D. 204 (E.D.Tex. 1998), and Huang v. Shiu, 124 F.R.D. 175 (N.D. Ill. 1988). Johnson merely held, in accordance with Fifth Circuit precedent, that Rule 9(b) applies to claims made under the False Claims Act. The very name of this statute, of course, indicates why Rule 9(b) would apply; such actions involve, by definition, false statements. Huang does not aid defendant either, for the court there did not expand Rule 9(b)'s applicability beyond the realm of fraud; instead, the court held merely that "[t]he requirement that fraud must be pleaded with particularity applies to *allegations of fraud* which serve as the basis for a RICO claim." Huang, supra, 124 F.R.D. at 177 (emphasis added). Plaintiffs readily agree that allegations of fraud, no

3

matter what the context, can be subject to Rule 9(b). Most of plaintiffs' claims, however, are not allegations of fraud.

Accordingly, the rule does not apply to these claims, since "[b]y its terms, the particularity requirement in Rule 9(b) applies only to averments of fraud. Since the rule is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses." 5 Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1297 (West 1990). Plaintiffs' conspiracy claim is not governed by Rule 9(b). E.g., Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990) ("Rule 9(b) applies only to fraud or mistake, not to conspiracy. [The] pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal requirements of Rule 8(a)."); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Emcore Corp. v. Pricewaterhouse Coopers, LLP, 102 F.Supp. 2d 237, 266 (D.N.J. 2000); Tufano v. One Toms Point Lane Corp., 64 F.Supp. 2d 119, 131 (E.D.N.Y. 1999). Likewise, plaintiffs' New Jersey Consumer Fraud Act claims which do not turn on misrepresentations, but on suppression of information, are not to be evaluated under Rule 9(b).

Accordingly, it is only the count denominated as "Fraud" in plaintiffs' complaint that should even be subject to a Rule 9(b) analysis. As detailed below, such an analysis compels denial of defendant's motion.

II.     PLAINTIFFS' FRAUD COUNT MEETS THE STANDARD OF RULE 9(b)

        A.     Standard for Disposition of Defendant's Motion

The Federal Rules of Civil Procedure generally require only a "short and plain statement" of a plaintiff's claim. Rule 8(a). This rule and Rule 9(b) are "complimentary," and "must be read in that fashion, avoiding an exclusive focusing o the requirements of one or the other." Frith v. Guardian Life Ins. Co., 9 F.Supp. 2d 734, 742 (S.D. Tex. 1998), quoting Mitchell Energy Corp. v. Martin, 616 F.Supp. 924, 927 (S.D. Tex. 1985); see also Corwin v. Marney, Orton Investments, Inc., 788 F.2d 1063, 1068 n. 4 (5th Cir. 1986). As Professors Wright and Miller have stated, "it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility required by the rules ....[N]either Rule 8 nor Rule 9(b) requires fact pleading." 5 Wright and Miller, supra, § 1298 (West 1990). Finally, when evaluating plaintiffs' claims under this standard, the Court must accept all of plaintiffs' factual allegations as true. Guidry v. Bank of La Place, 954 F.2d 278, 28 (5th Cir. 1992).

When viewed in the proper light, plaintiffs' fraud allegations suffice to meet the standard of Rule 9(b). This is so far several reasons, but before discussing them, it is necessary briefly to address defendant's insistence that plaintiffs must "take a position" on the existence of ADD or ADHD.

B.      Plaintiffs' Complaint is not Internally Inconsistent

Defendant asserts that "plaintiffs' complaint fails to take a clear or consistent position on the factual issue that necessarily lies at the core of their case: whether the mental disorders ADD and ADHD actually exist." (memorandum at 4-5). According to

defendant, plaintiffs' allegations concerning the creation of the "disorders" ADD and ADHD -- the quotations are there because no chemical or biological tests for them exist, only a list of exceedingly subjective criteria -- "irreconcilably conflict" with two statements pulled from other portions of the complaint.  According to defendant, these statements "suggest" that ADD and ADHD exist but are simply overdiagnosed, and that Ritalin is merely overprescribed.

First, even under defendant's characterization, the inconsistencies are not actually stated, but only "suggested."  A "suggestion" is too flimsy a basis, however, upon which to lodge a charge of a fatal inconsistency requiring dismissal.  Two "suggestions" plucked from a 15-page complaint do not create such an irreconcilable conflict.

Second, there is, in any event, no inconsistency.  Plaintiffs' complaint makes clear that ADD and ADHD "exist" only because they have been declared to exist by the Diagnostic and Statistical Manual of Mental Disorders, and that such declaration is the result not of any chemical or biological discovery, but of the concerted efforts and conspiracy of Novartis and defendant American Psychiatric Association.  To "suggest" that there may be a minority of cases in which Ritalin is effective is not to the contrary.  If defendant has defenses to this contention, as it says it does, then it may pursue these defenses.  But it is not entitled to dismissal under Rule 9(b).

Finally, even if there is some inconsistency in the theories advanced by plaintiffs, "[t]he plaintiff is at liberty to refuse to be pinned down to a single theory of fraud; and inconsistency is not a tenable objection to  a pleading."  Michael v. Clark Equipment Co., 380 F.2d 351, 352 (2d Cir. 1967).  As even defendant acknowledges in footnote 5 of its

memorandum, fraud allegations may be pled in the alternative like any other allegations.
Even if any inconsistency exists, therefore, it is not fatal to plaintiffs' complaint.


C.    Plaintiffs' Pleadings Meet the Standard of Rule 9(b)


It is certainly true that in their complaint, plaintiffs do not, and cannot, recite each
and every statement made by every Novartis official, over the course of 40 years,
concerning the safety and effectiveness of Ritalin.  Plaintiffs simply cannot detail the
"who, what, when, and where" of each such statement.  But this inability should not
result in dismissal of plaintiffs' fraud count.

Defendant cites Williams v. WMX Tech., Inc., 112 F.3d 175 (5th Cir. 1997) for
the proposition that a fraud claim must invariably contain the date, time and place of
every allegedly fraudulent statement.  Even under Williams, however, "the focus of a
Rule 9(b) inquiry should be whether, 'given the nature and facts of the case and the
circumstances of the parties, the pleading in question is sufficiently particular to satisfy
the purposes of Rule 9(b).'"  Frith, supra, 9 F.Supp. 2d at 742, quoting Mitchell, supra,
616 F.Supp. at 927.  The courts have repeatedly recognized that in certain kinds of cases,
it is simply impossible to provide the level of detail upon which defendant's motion
exists.

As Professors Wright and Miller point out, "[t]he sufficiency of a particular
pleading under Rule 9(b) depends upon a number of variables.  For example, the degree
of detail required often turns on the context in which the fraud is alleged to have occurred
....  Considerable particularity may be necessary to state a claim under the federal civil

7

false claim statutes or a claim attaching a judgment on the ground of fraud, yet a very simple allegation of fraud in bankruptcy may suffice." Wright and Miller, supra, §1298.

Here, plaintiffs respectfully submit that while they will never be able to detail the date, time and place of each and every misrepresentation concerning Ritalin -- at least not without discovery – they have pled the nature of the communication they attack sufficiently for defendant to prepare a defense. Moreover, when, as here, plaintiffs allege that third persons have been misled, specific details as much harder to ascertain, and thus are not required. 5 Wright and Miller, supra, §1298 ("When the pleader is asserting that third persons have been defrauded, he may be unable to detail the claim and less particularity should be required.").

Finally, Professors Wright and Miller note that "[w]hen the issues are complicated or the transactions cover a long period of time, courts tend to require less of the pleader." Id. See also <u>Kronfeld v. First Jersey Nat. Bk.</u>, 638 F.Supp. 1454, 1465 (D.N.J. 1986) ("Considering the large number of parties, the long time period involved, and the different circumstances of the alleged misrepresentations and omissions, less particularity in pleading some of the elements is necessary and desirable."). As Judge Hannah put it, in a case relied upon by defendant:

> It is only common sense that the sufficiency of pleadings under Rule 9(b) may depend 'upon the nature of the case, the complexity or simplicity of the transaction on occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading …. Similarly, it has been widely held that where the fraud allegedly was complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied."

Johnson, supra, 183 F.R.D. at 206, quoting Payne v. United States, 247 F.2d 481, 486 (8th Cir. 1957) and citing many cases.

In this case, plaintiffs allege a course of conduct reaching back over 40 years, involving communications with numerous entities and individuals.[3]  The entities include defendant APA, defendant CHADD, and the United States and foreign governments. The individuals include doctors, academics, salesmen, and members of the media – and, of course, numerous parents and children.

Plaintiffs cannot itemize, let alone detail the date, time and place, of each and every such communication.  But neither the letter nor the spirit of Rule 9(b) requires them to.  Defendant certainly knows what it is being sued for.  In the circumstances of this case, the rule requires no more.

Finally, "[w]hile Fed. R. Civ. Proc. 9(b) proscribes the pleading of 'fraud by hindsight,' we also cannot expect plaintiffs to plead 'fraud with complete insight' before discovery is complete." Maldonado v. Dominguez, 137 F.3d 1,9 (1st Cir. 1998).  Plaintiffs acknowledge that one of the purposes of Rule 9(b) is to weed out unfounded or "in terrorem" allegations of fraud before subjecting a defendant to discovery.  Not even defendant, however, has claimed that this case is frivolous, or a strike suit, or anything of the kind.  Plaintiffs should have the benefit of discovery to which they are entitled.[4]

III.       PLAINTIFFS' COMPLAINT CANNOT BE DISMISSED
           WITHOUT AN OPPORTUNITY TO REPLEAD

---

[3] In its footnote 6, defendant states that plaintiffs' claims "arise from the time period 1996 through 2000." While this is the relevant time period for measuring damages in this case, these damages flow from acts and omissions that occurred beginning in the late 1950s.

[4] Indeed, plaintiffs will shortly file a motion to compel long overdue discovery answers.  Defendants have never answered the discovery pending in state court at the time of removal.

For the above reasons, plaintiff respectfully submit that defendant's motion should be denied. In the event that the Court finds certain allegations to be insufficiently particularized, however, plaintiffs request the leave to replead be granted.

"An insufficient allegation of fraud or mistake is subject to the liberal amendment provisions of Rule 15." 5 Wright and Miller, supra, §1300. If a lack of the requisite specificity is found, a plaintiff should be given leave to replead. Massey-Ferguson, Inc. v. Bent Equip. Co., 283 F.2d 12, 15 (5th Cir. 1960); Coffey v. Foamex, L.P., 2 F.3d 157 (6th Cir. 1993).

"Dismissals for noncompliance with Rule 9(b) or refusals to grant leave to replead should be restricted to situations in which the trial court in the exercise of its discretion, is convinced the pleader has had an opportunity to correct the defect but cannot or will not. 5 Wright and Miller, supra, §1300. See also Frith, supra, 9 F.2d at 743 ("When a party has failed to plead fraud with sufficient particularity, the Court will generally permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).").

If, therefore, the Court agrees with defendant's contentions regarding particularity, plaintiffs respectfully request the right to replead.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that defendant Novartis' motion to dismiss be in all things denied. In the alternative, plaintiffs pray that they be given a reasonable opportunity to replead such allegations as the Court finds do not meet the standard of Fed. R. Civ. Proc. 9(b).

Respectfully submitted,

*C. Andrew Waters*

C. Andrew Waters
State Bar No. 20911450    *by*
Peter A. Kraus
State Bar No. 11712980
WATERS & KRAUS
3219 McKinney Avenue,
Suite 3000
Dallas, Texas 75209
(214) 357-6244
(214) 357-7252 telecopier

Frank Costilla
State Bar No. 04856500    *Fed. I.D. 1509*
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas  78520
(956) 541-4982
(956) 544-3152 telecopier

Charles S. Siegel
State Bar No. 18341875    *Fed. I.D. 15736*
Law Office of Charles S. Siegel
3219 McKinney Avenue
Suite 2000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served

by regular mail to all counsel of record on August 14, 2000:

Earl B. Austin
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-6542
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

James A. O'Neal
Joseph M. Price
Bruce Jones
Faegre & Benson L.L.P.
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55404-3901
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

Robert P. Charrow
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004
Attorneys for American Psychiatric Association

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Schirrmeister Ajamie, L.L.P.
Pennszoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002
Attorneys for American Psychiatric Association

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. N.W.
Washington, DC 20036
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder
(CHADD)

Tom A. Lockhart
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder
(CHADD)


Charles S. Siegel

CHMPDF - www.fineio.com