20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Maria Elena Hernandez, | § | |
| Miguel Angel Hernandez, | § | |
| Heather Butler, individually and | § | |
| on behalf of all others similarly | § | |
| situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | No. B-00-082 |
| CIBA-GEIGY Corp. USA, | § | |
| Novartis Pharmaceuticals Corp., | § | |
| Children and Adults with | § | |
| Attention-Deficit/Hyperactivity | § | |
| Disorder (CHADD), | § | |
| American Psychiatric Association, | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
AMERICAN PSYCHIATRIC ASSOCIATION'S
MOTION TO DISMISS**

Come now plaintiffs and file this their Response to Defendant American

Psychiatric Association's Motion to Dismiss and would respectfully show as follows:

INTRODUCTION

This case comprises claims on behalf of a class of purchasers of the drug Ritalin.

The named plaintiffs, Texas parents of children who have taken Ritalin, state claims for

fraud and conspiracy, as well as claims under the New Jersey Consumer Fraud Act.

Defendant America Psychiatric Association (APA) has filed a motion to dismiss

plaintiffs' claims under Fed.R.Civ.Proc. 9(b), contending that all of plaintiffs' claims

1

have been pled with insufficient specificity. For the reasons set forth below, this motion

should be denied. In the alternative, if the Court finds that plaintiffs have not pled certain

claims with the requisite specificity, they respectfully request leave to replead.

## ARGUMENT AND AUTHORITIES

I.      RULE 9(b)'s REQUIREMENTS DO NOT APPLY TO CERTAIN
        OF PLAINTIFFS' CLAIMS

Fed. R.Civ.Proc. 9(b) provides that "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity. Malice,

intent, knowledge and other condition of mind of a person may be averred generally."

Under the plain terms of the rule, the only allegations that must be pled with

"particularity" are allegations of fraud or mistake.

Notwithstanding the terms of Rule 9(b), defendant asks the Court to dismiss all of

plaintiffs' claims – even those that do not turn on, and do not assert, the existence of

fraud. Many, indeed most, of plaintiffs' claims do not involve allegations of fraud or

fraudulent misrepresentations. For instance, plaintiffs allege that APA and defendant

Novartis Pharmaceuticals Corp.[1] colluded and conspired to create the diagnoses of

Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD).

No misrepresentation is implicated here; rather, a self-serving course of conduct with bad

results and attendant damages is charged.

Accordingly, the rule does not apply to these claims, since "[b]y its terms, the

particularity requirement in Rule 9(b) applies only to averments of fraud. Since the rule

is a special pleading requirement and contrary to the general approach of simplified

---

[1] Novartis is the successor, for all purposes, to defendant Ciba-Geigy Corp., USA.

CHAPDF - www.fesoo.com

pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses." 5 Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1297 (West 1990). Plaintiffs' conspiracy claim is not governed by Rule 9(b). E.g., Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990) ("Rule 9(b) applies only to fraud or mistake, not to conspiracy. [The] pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal requirements of Rule 8(a)."); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Emcore Corp. v. Pricewaterhouse Coopers, LLP, 102 F.Supp. 2d 237, 266 (D.N.J. 2000); Tufano v. One Toms Point Lane Corp., 64 F.Supp. 2d 119, 131 (E.D.N.Y. 1999).

Accordingly, it is only the count denominated as "Fraud" in plaintiffs' complaint that should even be subject to a Rule 9(b) analysis. As detailed below, such an analysis compels denial of defendant's motion.

II.      PLAINTIFFS' FRAUD COUNT MEETS THE STANDARD OF
         RULE 9(b)

A.      Standard for Disposition of Defendant's Motion

The Federal Rules of Civil Procedure generally require only a "short and plain statement" of a plaintiff's claim. Rule 8(a). This rule and Rule 9(b) are "complimentary," and "must be read in that fashion, avoiding an exclusive focusing on the requirements of one or the other." Frith v. Guardian Life Ins. Co., 9 F.Supp. 2d 734, 742 (S.D. Tex. 1998), quoting Mitchell Energy Corp. v. Martin, 616 F.Supp. 924, 927 (S.D. Tex. 1985);  see also Corwin v. Marney, Orton Investments, Inc., 788 F.2d 1063,

1068 n. 4 (5th Cir. 1986). As Professors Wright and Miller have stated, "it is

inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in

pleading fraud. This is too narrow an approach and fails to take account of the general

simplicity and flexibility required by the rules ….[N]either Rule 8 nor Rule 9(b) requires

fact pleading." 5 Wright and Miller, supra, § 1298 (West 1990). Finally, when

evaluating plaintiffs' claims under this standard, the Court must accept all of plaintiffs'

factual allegations as true. Guidry v. Bank of La Place, 954 F.2d 278, 281 (5th Cir. 1992).


        B.      Plaintiffs' Pleadings Meet the Standard of Rule 9(b)

It is certainly true that in their complaint, plaintiffs do not, and cannot, recite each

and every statement made or action taken by every APA official or member over the

course of 40 years, concerning the safety and effectiveness of Ritalin, and the creation of

ADD and ADHD. Plaintiffs simply cannot detail the "who, what, when, and where" of

each such statement. But this inability should not result in dismissal of plaintiffs' fraud

count.

Defendant cites Williams v. WMX Tech., Inc., 112 F.3d 175 (5th Cir. 1997) for

the proposition that a fraud claim must invariably contain the date, time and place of

every allegedly fraudulent statement. Even under Williams, however, "the focus of a

Rule 9(b) inquiry should be whether, 'given the nature and facts of the case and the

circumstances of the parties, the pleading in question is sufficiently particular to satisfy

the purposes of Rule 9(b).'" Frith, supra, 9 F.Supp. 2d at 742, quoting Mitchell, supra,

616 F.Supp. at 927. The courts have repeatedly recognized that in certain kinds of cases,

CitaPDF - www.fastio.com

it is simply impossible to provide the level of detail upon which defendant's motion insists.

As Professors Wright and Miller point out, "[t]he sufficiency of a particular pleading under Rule 9(b) depends upon a number of variables.  For example, the degree of detail required often turns on the context in which the fraud is alleged to have occurred .... Considerable particularity may be necessary to state a claim under the federal civil false claim statutes or a claim attaching a judgment on the ground of fraud, yet a very simple allegation of fraud in bankruptcy may suffice." Wright and Miller, supra, §1298.

Here, plaintiffs respectfully submit that while they will never be able to detail the date, time and place of each and every misrepresentation concerning Ritalin -- at least not without discovery – they have pled the nature of the communications they attack sufficiently for defendant to prepare a defense.  Moreover, when, as here, plaintiffs allege that third persons have been misled, specific details are much harder to ascertain, and thus are not required.  5 Wright and Miller, supra, §1298 ("When the pleader is asserting that third persons have been defrauded, he may be unable to detail the claim and less particularity should be required.").

Finally, Professors Wright and Miller note that "[w]hen the issues are complicated or the transactions cover a long period of time, courts tend to require less of the pleader." Id. See also <u>Kronfeld v. First Jersey Nat. Bk.</u>, 638 F.Supp. 1454, 1465 (D.N.J. 1986) ("Considering the large number of parties, the long time period involved, and the different circumstances of the alleged misrepresentations and omissions, less particularity in pleading some of the elements is necessary and desirable.").  As Judge Hannah put it:

> It is only common sense that the sufficiency of pleadings under Rule 9(b) may depend 'upon the nature of the case, the complexity or simplicity of the transaction on occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading .... Similarly, it has been widely held that where the fraud allegedly was complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied."

Johnson ex rel. United States v. Shell Oil Co, 183 F.R.D. 204, 206 (E.D. Tex. 1998), quoting Payne v. United States, 247 F.2d 481, 486 (8th Cir. 1957) and citing many cases. Just this year, the Fifth Circuit reaffirmed this approach, stating that "the particularity demanded by Rule 9(b) differs with the facts of each case. Hart v. Bayer Corp., 199 F.3d 239, 248 (5th Cir. 2000).

In this case, plaintiffs allege a course of conduct reaching back over 40 years, involving communications with numerous entities and individuals. These include Novartis, doctors, academics, salesmen, and members of the media – and, of course, numerous parents and children.

Moreover, the thrust of plaintiffs' complaint is very clear. Driven by the financial self-interest of its members and the lobbying and contributions of Novartis, APA lent its imprimatur to a set of symptoms or behaviours that may, in fact, be entirely normal. As one commentator has put it, the APA has created a diagnosis out of what is simply childhood. Using Ritalin to treat childhood serves the APA's purposes very well, because a new visit to the psychiatrist is required for every monthly renewal of the prescription. This is true even if -- as is the case with millions of children -- the "treatment" goes on for years.

6

Plaintiffs cannot itemize, let alone detail the date, time and place, of each and every action or communication by APA. But neither the letter nor the spirit of Rule 9(b) requires them to. Defendant certainly knows what it is being sued for. In the circumstances of this case, the rule requires no more.

Finally, "[w]hile Fed. R. Civ. Proc. 9(b) proscribes the pleading of 'fraud by hindsight,' we also cannot expect plaintiffs to plead 'fraud with complete insight' before discovery is complete." Maldonado v. Dominguez, 137 F.3d 1, 9 (1st Cir. 1998). Plaintiffs acknowledge that one of the purposes of Rule 9(b) is to weed out unfounded or "in terrorem" allegations of fraud before subjecting a defendant to discovery. Not even defendant, however, has claimed that this case is frivolous, or a strike suit, or anything of the kind. Plaintiffs should have the benefit of discovery to which they are entitled.[2]

III.     PLAINTIFFS' COMPLAINT CANNOT BE DISMISSED
         WITHOUT AN OPPORTUNITY TO REPLEAD

For the above reasons, plaintiffs respectfully submit that defendant's motion should be denied. In the event that the Court finds certain allegations to be insufficiently particularized, however, plaintiffs request the leave to replead be granted.

"An insufficient allegation of fraud or mistake is subject to the liberal amendment provisions of Rule 15." 5 Wright and Miller, supra, §1300. If a lack of the requisite specificity is found, a plaintiff should be given leave to replead. Hart, supra, 199 F.3d at 248 n. 6. "Dismissals for noncompliance with Rule 9(b) or refusals to grant leave to replead should be restricted to situations in which the trial court in the exercise of its discretion, is convinced the pleader has had an opportunity to correct the defect but

---

1 Indeed, plaintiffs will shortly file a motion to compel long overdue discovery answers. Defendants have never answered the discovery pending in state court at the time of removal.

cannot or will not." 5 Wright and Miller, supra, §1300. See also <u>Frith</u>, supra, 9 F.2d at 743 ("When a party has failed to plead fraud with sufficient particularity, the Court will generally permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).").

If, therefore, the Court agrees with defendant's contentions regarding particularity, plaintiffs respectfully request the right to replead.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that defendant American Psychiatric Association's motion to dismiss be in all things denied. In the alternative, plaintiffs pray that they be given a reasonable opportunity to replead such allegations as the Court finds do not meet the standard of Fed. R. Civ. Proc. 9(b).

Respectfully submitted,

Frank Costilla
State Bar No. 04856500
Federal I.D. 1509
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 telecopier

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Law Office of Charles S. Siegel
3219 McKinney Avenue
Suite 2000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 telecopier

8

C. Andrew Waters
State Bar No. 20911450
WATERS & KRAUS
3219 McKinney Avenue,
Suite 3000
Dallas, Texas 75209
(214) 357-6244
(214) 357-7252 telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served

by regular mail to all counsel of record on August 17, 2000:

Earl B. Austin
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-6542
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

James A. O'Neal
Joseph M. Price
Bruce Jones
Faegre & Benson L.L.P.
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55404-3901
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

CNHPDF - www.fsxio.com

Robert P. Charrow
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004
Attorneys for American Psychiatric Association

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Schirrmeister Ajamie, L.L.P.
Pennszoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002
Attorneys for American Psychiatric Association

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. N.W.
Washington, DC 20036
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder
(CHADD)

Tom A. Lockhart
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder
(CHADD)

Frank Costilla