United States District Court
Southern District of Texas
FILED

**SEP 1 2 2000**

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Maria Elena Hernandez, Miguel Angel | § | |
| Hernandez, Heather Butler, individually and | § | |
| On behalf of all others similarly situated | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| Ciba-Geigy Corporation, U.S.A., | § | |
| Novartis Pharmaceuticals Corporation, | § | |
| Children and Adults with Attention, | § | |
| Hyperactivity Deficit Disorder (CHADD), | § | No. B-00-082 |
| American Psychiatric Association (APA), | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM
DEFENDANTS NOVARTIS PHARMACEUTICALS CORPORATION,
AMERICAN PSYCHIATRIC ASSOCIATION, AND CHILDREN AND ADULTS
WITH ATTENTION DEFICIT/HYPERACTIC DISORDER**

Come now plaintiffs, Maria Elena Hernandez, Miguel Angel Hernandez, and Heather Butler, individually and on behalf of all others similarly situated, and file their Motion to Compel Discovery Responses from Defendants Novartis Pharmaceuticals Corporation (Novartis), American Psychiatric Association (APA), and Children & Adults with Attention Deficit/Hyperactive Disorder (CHADD) and in support thereof would respectfully show as follows:

I.

On or about May 1, 2000, plaintiffs served Novartis with their Original Petition, attached to which was plaintiffs' Requests for Production. Novartis filed its answer on May 23, 2000, and subsequently filed a notice of removal on May 30, 2000.

1

On or about May 1, 2000, plaintiffs served APA with their Original Petition, attached to which was plaintiffs' Interrogatories, Request for Admission, and Request for Production. APA filed its answer on May 25, 2000, and joined in the notice of removal on May 30, 2000. Defendant CHADD filed its answer on May 30, 2000, and jointly in the notice of removal on May 30, 2000.

Defendants Novartis Pharmaceuticals Corporation, and American Psychiatric Association have wholly failed to respond to the discovery requests propounded to them. On August 23, 2000, plaintiffs' counsel wrote a letter to defense counsel requesting that responses be provided immediately. Defendants have stated that they do not intend to provide responses. Accordingly, plaintiffs request that the Court find that all objections available to defendants be deemed waived, and that defendants be ordered to produce documents and responses promptly.

II.

A federal court takes a removed action as it stood in the state court when removed. Thus, "all injunctions, orders, and other state court proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C.A. § 1450 (2000). "Arguably, discovery requests served before removal should also be given effect under 28 U.S.C.A. § 1450 unless modified or terminated by the federal court." Rutter Group Prac. Guide Fed.Civ.Proc. Before Trial (5th Cir.) Ch.2D-9(b)(3) ¶2:1015 (1999). "Discovery requests appear to be 'proceedings had in such action prior to removal' within the meaning of § 1450." *Id.*

In *Ratkovich v. Smithkline and French Laboratories, a Div. Of Smithkline Beckman Corp.*, No. 88-C-3758, 1988 WL 135648 (N.D. Ill. Dec. 12, 1988) (attached as

Exhibit A) plaintiff also sought to compel discovery that had been filed in state court prior to removal. The court determined that it could compel answers to discovery that was filed in state court prior to the removal. It held that while it could not compel answers to questions that had not been posed in the removed case, or in actions filed in state court post-removal, it could order answers to discovery pending in the action prior to the removal.

Under this reasoning, it is clear that this Court has the authority to compel defendants' responses to plaintiffs' discovery requests.

### III.

In accordance with Fed.R.Civ.P. 37(a)(2)(B), plaintiffs' counsel has attempted to work with defense counsel to resolve this discovery dispute without the necessity of the Court's involvement. Defense counsel have opposed plaintiffs' position, however, and therefore plaintiffs respectfully request the Court to compel defendants to respond to and produce the discovery requested by plaintiffs.

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court grant in all respects their Motion to Compel Novartis' Answers to Requests for Production, and APA's Answers to Interrogatories, Request for Admissions, and Request for Production in this matter. Plaintiffs also request that all objections of defendants be deemed waived. Plaintiffs further request all other relief to which they may be entitled.

3

Respectfully submitted,

**WATERS & KRAUS**

Frank Costilla
Federal I.D. No. 1509
State Bar No. 04856500
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 541 3152 telecopier

Charles S. Siegel
Federal I.D. No. 15736
State Bar No. 18341875
Law Offices of Charles S. Siegel
3219 McKinney Avenue
Suite 2000
Dallas, Texas 75204
(214) 357 6244
(214) 871-2263

C. Andrew Waters
State Bar No. 20911450
Peter A. Kraus
State Bar No. 11712980
3219 McKinney Avenue
Suite 3000
Dallas, Texas
(214) 357-6244
(214) 357-7252 telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by regular mail to all counsel of record on September 12, 2000.

Frank Costilla
Charles S. Siegel

4

CibPDF - www.fineprint.com

# CERTIFICATE OF CONFERENCE

Hereby certifies that I conferred with Tom Lockhart, Andrew C. Schirrmeister, III, and Earl B. Austin who were not willing to provide the information sought through this motion.

Frank Costilla
Charles S. Siegel

CVisPDF - www.fasita.com