UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS



United States District Court
Southern District of Texas

SEP 2 5 2000

Michael N. Milby
Clerk of Court

Maria Elena Hernandez,
Miguel Angel Hernandez,
Heather Butler, individually and
on behalf of all others similarly
situated,
          Plaintiffs,

v.                          Case No. B-00-082

CIBA-GEIGY Corp. USA,
Novartis Pharmaceuticals Corp.
Children and Adults with
Attention-Deficit/Hyperactivity
Disorder (CHADD),
American Psychiatric Association,
          Defendants.

## DEFENDANT NOVARTIS PHARMACEUTICALS' MEMORANDUM IN SUPPORT OF BIFURCATION OF DISCOVERY

Although the parties have been able to agree on many of the procedural issues addressed in their Joint Pretrial Statement to this Court (to be submitted to the Court shortly), the parties disagree on the appropriateness of bifurcating discovery. Assuming for the sake of argument that plaintiffs' claims survive initial dispositive motions,[1] Defendant Novartis believes that judicial efficiency would be served by a short, initial period of discovery on the threshold issue of class certification, whereas plaintiffs wish to go ahead with discovery on all fronts at once. Novartis submits this position statement in support of bifurcation.[2]

---

[1] For purposes of this memorandum, "Novartis" refers to both Novartis Pharmaceuticals and CIBA-GEIGY, to which Novartis is successor for all purposes in this lawsuit.

[2] Obviously, the Court must first resolve the defendants' pending Rule 9(b) motion to dismiss based on plaintiffs' failure to plead their fraud-based claims with particularity. Assuming that plaintiffs survive that motion and (once their complaint is fleshed out) any Rule 12 motions that defendants may bring, Novartis believes that the bifurcation discussed in this memo would be appropriate.

Codefendants CHADD and APA have authorized Novartis's counsel to represent to the Court that they concur in Novatis's request for bifurcated discovery.

## STATEMENT OF ISSUE TO BE RULED UPON BY THE COURT

Whether discovery in this putative class action should be bifurcated to allow class discovery and early class certification motions prior to discovery on the merits.

## FACTUAL BACKGROUND

Plaintiffs' complaint here assert various fraud- and conspiracy-based claims in connection with the use of Ritalin® to treat Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD). As best Novartis can glean from the complaint, plaintiffs allege either (1) that ADD and ADHD do not exist at all and the defendants have fabricated the diseases for their own economic interests, or (2) that ADD and ADHD exist but that either the conditions are overdiagnosed or Ritalin® is overprescribed to treat them, or perhaps both. Plaintiffs purport to bring this case as representatives of a class consisting of:

> all persons in the United States and its territories who have purchased Ritalin within the four years proceeding [sic] the filing of this complaint [May 1, 2000], excluding any officers, or employees or their children, of any of the defendants.

Complaint ¶ 44.

Prior to the removal of this case from state to federal court, plaintiffs served on Novartis various discovery requests, including requests for the production of 85 separate categories of documents. A copy of that document request is attached for the Court's information to the accompanying Affidavit of R. Patrick Rodriguez. Although the removal

2

of this case to federal court has at least for the time being mooted those specific requests, the requests nonetheless demonstrate the huge scope of merits discovery that plaintiffs plan here.

## THE COURT SHOULD BIFURCATE DISCOVERY

The Federal Rules of Civil procedure grant this Court broad discretion in shaping the scope and sequence of discovery. See generally Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000); Munoz v. Orr, 200 F.3d 291, 305 (5th Cir. 2000) ("District courts have considerable discretion in managing discovery. That broad discretion is particularly important in complex litigation . . . ."); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("district courts have broad discretion on matters related to discovery"). In particular, the issue of whether to bifurcate discovery is a matter committed to the sound discretion of the court. See Priority Records, Inc. v. Bridgeport Music, Inc., 907 F. Supp. 725, 734 (S.D.N.Y. 1995) (recognizing the district court has discretion to bifurcate discovery); American Nurses Association v. Illinois, No. 84 C 4451, 1986 WL 10382, *2 (N.D. Ill. September 12, 1986) (same); Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982) (upholding district court's decision to limit the scope of discovery regarding class certification to the pleadings, denying plaintiffs' motion to compel additional discovery, and noting that, although the discovery sought was helpful to the merits of the claim, "very little of it could have been 'necessary or helpful' to determining the threshold issues posed by Rule 23(a) and (b).").

This Court should exercise its discretion and bifurcate the discovery process in this case into two phases. A first, relatively short phase would involve discovery only into the threshold issue of the certification of plaintiffs' purported class, and would conclude with a deadline for and a hearing on motions pertaining to that issue. Then, if necessary following

3

the Court's decision on such motions, a second phase of discovery would address the merits of plaintiffs' claims.[3]

The splitting of that period into two phases promises several advantages:

- Bifurcation will promote the efficient and expeditious handling of the case, and in particular will allow an early resolution of an issue that is, if not legally dispositive, at least practically so.

- Bifurcation will potentially save the parties and the Court substantial money and time, both on discovery itself and on needless disputes over irrelevant issues, and

- Bifurcation will not in any way prejudice plaintiff's rights.

A. **The Threshold Class Certification Issue is Ideally Suited for Separate Discovery and Consideration**

Plaintiffs' purported representation of a class of similarly situated persons plainly stands as a threshold issue in this case. Rule 23(c)(1) requires the Court to determine whether the case may be maintained as a class action "as soon as practicable after the commencement" of the action. Courts have recognized that discovery is often necessary to determine whether a class is maintainable and to define the scope of the class. See, e.g., Pittman v. E.I. duPont de Nemours & Co., 552 F.2d 149, 150 (5th Cir. 1977); Barnhardt v. Safeway Stores, Inc., 60 Fair Empl. Prac. Cas. (BNA) 751, 25 Fed. R. Serv. 35, 1992 WL 443561 (E.D. Cal.) (collecting cases). Courts have frequently balanced the need for early

---

[3] Notwithstanding the present request for bifurcation, and in an effort to cooperate in discovery and avoid unnecessary controversy, Novartis has offered to produce to plaintiffs' counsel the New Drug Application (NDA) files on Ritalin® and Ritalin SR®, which contain (among other things) information pertaining to adverse event data and published product information. At date of this writing, that production is planned for the first week of October, and should have been completed by the time of the October 16 conference with the Court.

class determination and the need for discovery prior to that determination by bifurcating discovery and permitting early discovery only into class-related issues. See, e.g., <u>Wallman v. Tower Air, Inc.</u>, 189 F.R.D. 566, 567 (N.D. Cal. 1999) (bifurcation of discovery to focus first on plaintiff class certification in airline emergency case); <u>Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.</u>, 77 F.R.D. 399, 402 (N.D. Ill 1977) (citing Manual for Complex Litigation § 1.40 (1977).

The claims here present a particularly compelling argument for such bifurcation. The proposed class as framed by plaintiffs presents a number of unique threshold problems having nothing whatever to do with the merits of plaintiffs' claims, problems that Novartis strongly believes will stop plaintiffs' putative class in its tracks. These difficulties, which Novartis expects will be front and center in the Court's class certification determination, include:

- Whether the named plaintiffs (all individuals) are typical of and can fairly and adequately represent the proposed class, which includes hospitals, insurance companies, HMOs and drug store chains, as well as individuals who desire and benefit from treatment with Ritalin®.

- Whether the facts relating to the proposed class members are truly common, given that the class purports to include people:

    - who were properly diagnosed with ADD/ADHD and properly treated with Ritalin®; and
    - who purchased Ritalin® for conditions other than ADD or ADHD.

- Whether the Court can or should create a single forum in a single case for the adjudication of claims governed by the substantive laws of over 50 different jurisdictions.

5

- How common issues can predominate over individual issues where the plaintiffs' claims, all of which rest on fraud, necessarily depend on individual showings of underlying reliance and/or causation.

The discovery into these issues will plainly differ considerably from those relating to the merits of the case. As plaintiffs' pre-removal discovery requests show, plaintiffs' merits discovery proposes to delve deeply into virtually all aspects of the development of the ADD and ADHD diagnoses and the use of Ritalin® to treat the disorders, over a period of nearly 50 years. To cite two examples to give a flavor of plaintiffs' far-reaching discovery requests:

> 10. Please produce all documentation (including but not limited to memos, notes, e-mails and other writings) in any way related to the [American Psychiatric Association], ADD, ADHD, and/or stimulants, including but not limited to Ritalin treatment for such diagnoses.
>
> 20. Please produce all documents related to your contributions to political parties, candidates, political action committees, or political activities within the last twenty-five (25) years.

Exhibit A to Rodriguez affidavit at 6, 11.

Little of this proposed merits discovery will have any relevance if the Court does not certify the class.[4] If the Court denies certification, the issues before the Court will be very limited: how much the named plaintiffs spent on Ritalin® between 1996 and 2000, whether the named plaintiffs' children were properly diagnosed with ADD and/or ADHD, and, if not, whether any of the defendants made any improper representations to the named plaintiffs that led to those diagnoses or to their Ritalin® purchases. Allowing merits discovery to precede

---

[4] Novartis does not of course concede in any way that this requested merits discovery is in fact relevant even to plaintiffs' class action claims. With respect to the named plaintiffs, however, the irrelevance of these materials is patently obvious.

6

the Court's determination of the class certification issue under these circumstances thus makes no sense. As one respected treatise notes,

> Bifurcating class and merits discovery can at times be more efficient and economical (particularly when the merits discovery would not be used if certification is denied) ...

Manual for Complex Litigation § 30.12 (3d ed. 1995).

To the extent that there is overlap between the two phases of discovery, the Court's bifurcation order can easily clarify how counsel are to handle that situation. For example, in C&F Packing Co., Inc. v. IBP, Inc., No. 93 C 1601, 1994 WL 36874, *8 (N.D. IL, Feb. 7, 1994), the court specifically directed:

> the fact that the discovery requests seeks information relating to one of the issues deferred in this lawsuit does not justify denying the request if the response is also likely to yield information relevant to one of the issues now before the court.

Id. at *8 (clarifying scope of discovery allowed in light of bifurcation of issues). In sum, the class certification issues in this case are discrete from the underlying issue, and any minor overlap can be easily managed through the cooperation of counsel and the direction of the court. See Blair v. Source One Mortgage Services Corp., 1997 WL 79289 (E.D. La.) (directing parties to meet with magistrate to work out specific discovery plan to permit early resolution of class issue). The issues presented here are ideally suited for bifurcated discovery.

B. **Early Discovery Into and Resolution of the Class Certification Issue May Prevent Substantial Needless Discovery and Considerable Unnecessary Motion Practice**

In contrast to the narrow, straightforward discovery involved with the class certification issue, plaintiff's general discovery requests to Novartis in this case promise to

7

be both massive and contentious. The Court need only look at the discovery requests plaintiffs served in the state court before removal (Exhibit A to the accompanying O'Neal affidavit) to get a sense of the scope of what lies ahead. Plaintiffs' 85 document requests ask for virtually every piece of paper and correspondence concerning Ritalin® generated or received by Novartis in the drug's nearly 50-year history. These document requests will likely be followed by multiple requests for depositions of various present and past Novartis and Ciba-Geigy officers and personnel. Responding to this discovery will require an enormous expenditure of time and money by Novartis, an expenditure that will be largely needless if plaintiffs cannot demonstrate the appropriateness of class certification.

    This potentially needless expenditure will not be Novartis's alone. As even a cursory review of plaintiffs' state court discovery reveals, a large portion of plaintiffs' proposed discovery is overly broad, unduly burdensome, oppressive, unlikely to lead to the discovery of relevant information, or otherwise objectionable. Although Novartis will do its best to resolves such discovery disputes amicably, Novartis expects that the parties' irreconcilable differences on these broad discovery requests will require the Court to devote a substantial amount of time to resolving those disputes. Again, this judicial expenditure of time will be largely unnecessary if plaintiffs cannot make their threshold showing on appropriateness of class certification. As one federal district court noted in granting bifurcation in a class action:

> While the bifurcation of discovery will inconvenience the named plaintiffs [by permitting them to be deposed twice], it may result in substantial savings of time and energy later. If class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits.

<u>American Nurses' Ass'n v. Illinois</u>, 1986 WL 10382 (N.D. Ill.).

8

This Court should likewise direct a limited, initial period of discovery into the class certification issue only, followed by early motions by the parties on that issue. If the Court rejects certification, the case will be over (at least as major litigation), and both the Court and the parties will have been saved the considerable time and expense of the full scale discovery that plaintiffs contemplate. If the Court grants certification, little time will have been lost, the class will have been properly defined, and plaintiffs will still have ample opportunity to conduct whatever discovery the Court concludes they are entitled to make on the merits of their case. See Elliott v. ITT Corp., 1992 WL 59102, *4 (N.D. Ill) (bifurcating discovery to balance need for early decision on class certification with need for discovery on that issue).

## CONCLUSION

For the reasons discussed above, defendant Novartis Pharmaceuticals urges this Court to adopt a scheduling order bifurcating discovery to permit initial limited discovery on the class certification issue and early motions on that issue.

Dated September 25, 2000.

Respectfully submitted,

*[signature]*

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
attorney-in-charge
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

James A. O'Neal
Minnesota Bar No. 8248X
Joseph M. Price
Minnesota Bar No. 88201
Bruce Jones
Minnesota Bar No. 179553
Faegre & Benson LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000
Fax (612) 336-3026

Earl B. Austin
State Bar No. 1437300
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6542
Fax (214) 953-6503

**Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.**

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Maria Elena Hernandez, | § | |
| Miguel Angel Hernandez, | § | |
| Heather Butler, individually and | § | |
| on behalf of all others similarly | § | |
| situated, | § | |
| Plaintiffs, | § | |
| v. | § | Civil No. B-00-082 |
| | § | |
| CIBA-GEIGY Corp. USA, | § | |
| Novartis Pharmaceuticals Corp. | § | |
| Children and Adults with | § | |
| Attention-Deficit/Hyperactivity | § | |
| Disorder (CHADD), | § | |
| American Psychiatric Association, | § | |
| Defendants. | § | |

**AFFIDAVIT OF R. PATRICK RODRIGUEZ**

STATE OF TEXAS            )
                          )
COUNTY OF CAMERON   )

R. PATRICK RODRIGUEZ, being duly sworn, deposes and says:

1. I am one of the attorneys for defendant Novartis Pharmaceuticals in the above-captioned action and I am of legal age, legally competent and have personal knowledge of the matters set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Request for Production to Defendants Ciba Geigy Corporation and Novartis Pharmaceuticals Corporation, received from plaintiffs' counsel in the course of this action.

1

3. Pursuant to Fed. R. Civ. P. 26(d) and (f), on September 7, 2000, I met with counsel for plaintiffs and counsel for the other defendants to develop a proposed discovery plan for this litigation. In the course of that discussion, our co-counsel James A. O'Neal raised the defendants' proposal to bifurcate discovery between class issues and merits issues. As I expect will be reflected in the parties' Joint Case Management Plan (to be submitted shortly), plaintiffs' attorneys declined to agree to such bifurcation of discovery.

4. This affidavit is submitted in support of Defendant Novartis's Motion for Bifurcation of Discovery.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
R. PATRICK RODRIGUEZ

SWORN TO AND SUBSCRIBED BEFORE ME by the said R. Patrick Rodriguez, on this 25th day of September, 2000.

_____
NOTARY PUBLIC, STATE OF TEXAS

Mirna Gracia
_____
PRINTED NAME OF NOTARY

My Commission Expires: 3-14-2001

**MIRNA GRACIA**
Notary Public
STATE OF TEXAS
My Comm. Exp. March 14, 2001

2