36

United States District Court
Southern District of Texas
FILED

OCT 0 2 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

Maria Elena Hernandez,
Miguel Angel Hernandez,
Heather Butler, individually and
on behalf of all others similarly
situated,

          Plaintiffs,

v.

CIBA-GEIGY Corp. USA,
Novartis Pharmaceuticals Corp.
Children and Adults with
Attention-Deficit/Hyperactivity
Disorder (CHADD),
American Psychiatric Association,

          Defendants.

Case No. B-00-082

---

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Counsel for the parties met at the offices of Waters & Kraus in Dallas, Texas, on September 7, 2000. Appearing for the plaintiffs were Charles Siegal, C. Andrew Waters, Peter Kraus, Charles S. Siegal, and Tanja Martini. Appearing for Novartis Pharmaceuticals Corporation were James A. O'Neal and Amy R. Freestone of the Faegre & Benson firm in Minneapolis, Minnesota; Earl B. Austin of Baker Botts in Dallas; and Eduardo R. Rodriguez of Rodriguez, Colvin & Chaney in Brownsville. Appearing for CHADD, Inc. was Gerald Zingone of Arent, Fox, Kintner, Plotkin & Kahn, PLLC in Washington, D.C. Appearing for the American Psychiatric

Association were Laurel Pyke Malson and William Anderson of Crowell & Moring LLP in Washington, D.C.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

*Todd D. Vess, et al. v. Ciba-Geigy Corp., et al.*, U. S. District Court, Southern District of California, 00 CV 1839 E (CGA) and *Dorian S. Dawson, et al. v. Ciba-Geigy Corp., et al., Superior Court of New Jersey (Law Division-Bergen County)*, BERL-7774-00.

3.  Specify the allegation of federal jurisdiction.

The named plaintiffs are all residents of Texas, the defendants are all residents of states other than Texas, and this case involves an amount in controversy in excess of $75,000. Thus there is diversity jurisdiction under 28 U.S.C. § 1332. Defendants also maintain there is federal question jurisdiction under 28 U.S.C. § 1331.

4.  Name the parties who disagree and the reasons.

None, as to diversity jurisdiction. Plaintiffs dispute the existence of federal question jurisdiction.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None anticipated at this time.

6.  List anticipated interventions.

None anticipated at this time.

7.  Describe class-action issues.

Plaintiffs seek certification of a nationwide class defined as follows:

2

> **. . . all persons in the United States and its territories who have purchased Ritalin within the four years preceding the filing of this complaint, excluding any officers, or employees or their children, of any of the defendants.**

Complaint, Para. 44.

Defendants concede that the class as presently defined in plaintiffs' complaint meets the numerosity requirement of Rule 23. Defendants deny that the proposed class meets the remainder of the requirements of Rule 23, deny that the above is an appropriate class definition, and contend that certification of a class in this action would be unmanageable and in contravention of applicable case law in the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiffs' response: Plaintiffs have made initial disclosures under Rule 26(a).

   Defendants' responses: Defendants have provided Rule 26(a) disclosures to Plaintiffs, to the extent it was possible to do so in light of the lack of factual specificity in Plaintiffs' complaint. Defendants believe further disclosures or discovery on the merits should not occur until the Court has resolved Defendants' Rule 9(b) motions and ruled on other dispositive motions and the class certification issue.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Plaintiffs' response:

3

Plaintiffs do not agree that discovery should be bifurcated, and note that defendants have already filed motions to dismiss on the merits. Defendants have filed a motion to bifurcate discovery and plaintiffs will respond within the time permitted by Local Rule 6.

Defendants' Response:

All Defendants submit that discovery in this case should not go forward until the Court has resolved Defendants' Rule 9(b) motions and ruled on other dispositive motions. If the Plaintiffs satisfy Rule 9(b) and no motions to dismiss are granted, all defendants propose that discovery should be bifurcated initially, with discovery relevant to class certification to occur first, and discovery on the merits to be stayed pending the resolution of the issue of class certification.

Defendants believe that class-related discovery required by Plaintiffs will not be extensive, because the disputed class issues will primarily involve the Plaintiffs' conditions, diagnoses, and medications. Defendants expect to seek, at a minimum, depositions of the named Plaintiffs and their treating physicians/pharmacists, in addition to relevant medical records.

Following the Court's ruling on class certification, a new pretrial schedule governing merits discovery, dispositive motion practice and trial can (if necessary) be promulgated.

**Joint Proposed Schedule.** If the Court elects to bifurcate discovery, the parties have agreed on a proposed schedule of discovery dealing with class issues. With one exception (the timing of expert disclosures, noted in the chart below), the parties agree the class action discovery schedule should employ the following

4

intervals, beginning at whatever starting point the Court deems appropriate. Plaintiffs propose that the starting point of this schedule should be the Court's October 16, 2000 initial conference with counsel. Defendants propose that the starting point of this schedule should be keyed to the Court's ruling on defendants' Rule 9(b) or other dispositive motion. If the Court grants the motion, the starting point (if necessary) should be the filing of any Amended Complaint by plaintiffs; if the Court denies the motion, the starting point should be the date of that denial.

5

## Proposed Bifurcated Class Certification Discovery Schedule

Deadline for amendments to the proposed class definition:    11 days after the starting point of the schedule

Deadline for completion of fact discovery:    60 days after amendments to proposed class definition

| Defendants' Proposal | | Plaintiffs' Proposal | |
|---|---|---|---|
| Plaintiffs' expert disclosures and reports on class certification issues: | 21 days after deadline for completion of fact discovery | All parties' simultaneous expert disclosures and reports on class certification issues: | 21 days after deadline for completion of fact discovery |
| Depositions of plaintiffs' class certification experts to be concluded: | 21 days after plaintiffs' expert disclosures and reports on class certification issues | Depositions of all parties' class certification experts to be concluded: | 21 days after plaintiffs' expert disclosures and reports on class certification issues |
| Defendants' expert disclosures and reports on class certification due: | 21 days after deadline for depositions of plaintiffs' class certification experts concluded | | |
| Depositions of defendants' class certification experts to be concluded: | 21 days after defendants' expert disclosures and reports on class certification | | |

Plaintiffs' motion for class certification due:    14 days after conclusion of expert depositions

Briefing to follow local rules

Hearing on class certification:    On date to be set by Court

6

B.     When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs' response:  Plaintiffs have previously sent interrogatories to defendants Children and Adults with Hyperactivity Deficit Disorder; American Psychiatric Association; Novartis Pharmaceuticals Corp.

C.     When and to whom the defendants anticipate they may send interrogatories.

Defendants' Response:  Defendants anticipate sending interrogatories for each class representative to plaintiffs' counsel within 5 days after plaintiffs finalize their class definition.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs' response:  Numerous fact witnesses will need to be deposed. Plaintiffs estimate these depositions can be completed in nine months.

E.     Of whom and by when the defendants anticipate taking oral depositions.

Defendants' response:  See 9(A), above.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs' response:  Plaintiffs will designate experts and provide reports within nine months.

Defendants' response:  See proposed schedule in 9(A).

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(b) (expert report).

Plaintiffs' response:  Plaintiffs anticipate deposing any expert witness listed by any defendant.

7

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (expert report).

Defendants' response: Defendants anticipate deposing each expert named by plaintiffs. See 9(A), above, with respect to the proposed schedule for depositions of class certification experts.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

See 9 above.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

Defendants' response: Novartis has offered to produce for inspection in the area of East Hanover, New Jersey, the New Drug Application (NDA) files for Ritalin®. CHADD has agreed to made certain readily available documents available to the plaintiffs for inspection and copying at its offices in Maryland. APA has agreed to made certain readily available documents available to the plaintiffs for inspection and copying at its attorneys' offices in Washington, D.C. Additional discovery has not taken place and should be governed by Defendants' proposed schedule under 9(A) and 9(B) above.

12.    State the date the planned discovery can reasonably be completed

See 9, above.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

8

Plaintiffs' response: At the Rule 26(f) meeting, plaintiffs were informed by all defendants that the case could not and would not be settled. Plaintiffs are willing to engage in settlement discussions if defendants will participate in them in good faith.

Defendants' response: Because of the nature of plaintiffs' fraud and conspiracy allegations, defendants are unable to discuss or consider a settlement or other early resolution of the lawsuit short of dismissal.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiffs' response: At the Rule 26(f) meeting, plaintiffs were informed by all defendants that the case could not and would not be settled. Plaintiffs are willing to engage in settlement discussions if defendants will participate in them in good faith.

Novartis's Response: Novartis has promptly offered for inspection the New Drug Application files on Ritalin®, and has moved for dismissal of the Complaint under Rule 9(b) of the Federal Rules of Civil Procedure. See also Novartis' Response to 13, above.

CHADD's response: CHADD has produced a significant set of documents for Plaintiffs' inspection and has moved for dismissal of the Complaint under Rule 9(b). Otherwise, for reasons stated in 13 above, CHADD is not aware of other mechanisms to bring about a prompt resolution.

APA's response: APA has produced a significant set of documents for Plaintiffs' inspection and has moved for dismissal of the Complaint. Otherwise, for reasons stated in 13 above, APA is not aware of other mechanisms to bring about a prompt resolution.

9

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   Plaintiffs' response: Plaintiffs believe that a mediation conducted by a mediator with significant experience in class actions and mass torts can be helpful, and could potentially resolve this matter. Plaintiffs are prepared to propose several such mediators.

   Defendants' response: Alternative dispute resolution is not appropriate in this case at this time.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties do not agree to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

   Yes, a timely jury trial demand was made.

18. Specify the number of hours it will take to present the evidence in this case.

   Unknown at this time. However, the parties expect that a trial on the merits would take multiple weeks.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Plaintiffs' motion to compel discovery.

   Defendants' motions to dismiss the Complaint under Rule 9(b) of the Federal Rules of Civil Procedure.

   Novatis's motion to bifurcate discovery and limit initial discovery to class certification issues.

20. List other motions pending.

None, but Defendants may file dispositive motions if necessary following the Court's resolution of the motion to dismiss based on Rule 9(b).

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

The parties agree that all pleadings, motions and accompanying materials, and correspondence provided to the Court will be faxed (not just mailed) to all parties no later than the date of filing. If voluminous exhibits not susceptible to faxing are attached to the filings, the exhibits may be sent via overnight delivery for receipt on the day after filing (which may be a Saturday).

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Charles S. Siegel, #18341875
Law Offices of Charles S. Siegel
3219 McKinney Avenue, Suite 2000
Dallas, TX 75204
(214) 357-6244
(214) 357-7252(fax)
Counsel for Plaintiffs

Andrew Waters, #20911450
Peter Kraus, #11712980
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204
(214) 357-6244
(214) 357-7252(fax)
Counsel for Plaintiffs

Frank Costilla, #04856500
Law Offices of Frank Costilla
5 East Elizabeth
Brownsville, TX 78520
(956) 541-4982
Counsel for Plaintiffs

11

James A. O'Neal, #8248X(MN. Bar)
Joseph M. Price, #88201(MN. Bar)
Bruce Jones, #179553 (MN. Bar)
FAEGRE & BENSON LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 336-3000
Counsel for Defendants Ciba-Geigy
Corp. USA and Novartis Pharmaceuticals
Corp.

Earl B. Austin, #1437300
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6542
Counsel for Defendants Ciba-Geigy
Corp. USA and Novartis Pharmaceuticals
Corp.

Andrew Schirrmeister III, #17750650
George R. Diaz-Arrastia, #05805600
Schirrmeister Ajamie, LLP
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, TX 77002
(713) 860-1600
Counsel for APA

Robert P. Charrow
Laurel Pyke Malson
JoAnn E. Macbeth
William L. Anderson
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500
Counsel for American Psychiatric
Association

Eduardo Rodriguez, #17144000
Mitchell C. Chaney #04107500
R. Patrick Rodriguez #24002861
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren Street
P.O. Box 2155
Brownsville, Texas 78520
(956) 542-7441
Counsel for Defendants Ciba-Geigy
Corp. USA and Novartis Pharmaceuticals
Corp.

Tom A. Lockhart
Adams & Graham, LLP
222 East Van Buren, West Tower
Harlingen, TX 78550
((956) 428-7495
Counsel for CHADD

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. NW
Washington, DC 20036
(202) 857-6460
Counsel for CHADD

Dated: October 2 , 2000

12

*Eduardo Roberto Rodriguez w/permission RPRtR* (signature)
Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
attorney-in-charge
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
Counsel for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals

Dated: October 2, 2000

*Charles S. Siegel w/permission RPRtR* (signature)
Charles S. Siegel, #18341875
Federal I.D. No. 15736
Law Offices of Charles S. Siegel
3219 McKinney Avenue, Suite 2000
Dallas, TX 75204
(214) 357-6244
(214) 357-7252(fax)
Counsel for Plaintiffs

13

Dated: October 2, 2000

*Tom A. Lockhart w/permission RPstR*
Tom A. Lockhart #12473500
Federal I.D. No. 2257
Adams & Graham, LLP
222 East Van Buren, West Tower
Harlingen, TX 78550
((956) 428-7495
Counsel for Children and Adults with
Attention-Deficit/Hyperactivity Disorder


Dated: October 2, 2000

*Andrew Schirrmeister w/permission RPstR*
Andrew Schirrmeister III, #17750650
Federal I.D. No. 5546
George R. Diaz-Arrastia, #05805600
Federal I.D. No. 12
Schirrmeister Ajamie, LLP
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, TX 77002
(713) 860-1600
Counsel for American Psychiatric Association

14