3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

OCT 0 2 2000

Michael N. Milby
Clerk of Court

Maria Elena Hernandez,
Miguel Angel Hernandez,                      Case No. B-00-082
Heather Butler, individually and
on behalf of all others similarly
situated,

                Plaintiffs,

v.

CIBA-GEIGY Corp. USA,
Novartis Pharmaceuticals Corp.
Children and Adults with
      Attention-Deficit/Hyperactivity
      Disorder (CHADD), and
American Psychiatric Association,

                Defendants.

## NOVARTIS'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiffs have moved this Court for an order compelling Novartis and the other defendants in this action to respond to discovery plaintiffs served in state court prior to the removal of this action to this Court. Because the federal rules bar parties from seeking discovery until after the Rule 26(f) conference, and because the appropriate scope of initial discovery is disputed and the subject of a motion presently scheduled for the Court's consideration on October 16, 2000, Novartis urges the Court to deny plaintiffs' motion.

## DISCUSSION

This Court should deny plaintiffs' motion because the Federal Rules of Civil Procedure govern discovery in this removed case, and those rules bar any party from seeking discovery prior to the Rule 26(f) conference. Fed. R. Civ. P. 1 provides:

**Scope and Purpose of Rules.** These rules govern the procedure in the United States District Courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

With respect to actions that reach this Court by removal from state court, Fed. R. Civ. P. 81(c) provides in relevant part:

**Removed Actions.** These rules apply to civil actions removed to the United States District Courts from the state courts and govern procedure after removal.

Based on these provisions, federal courts have uniformly held that the Federal Rules of Civil Procedure override state rules in removed actions. <u>E.g.</u>, <u>Savarese v. Edrick Transfer & Storage, Inc.</u>, 513 F.2d 140, 144 n.6 (9th Cir. 1975). A case removed from a state to a federal court becomes, on its arrival in federal court, subject to the same rules of procedure as if it had been originally sued in federal court. <u>E.g.</u>, <u>Grivas v. Parmelee Transp. Co.</u>, 207 F.2d 334, 337 (7th Cir. 1953), <u>cert.</u> <u>denied</u>, 347 U.S. 913, 74 S.Ct. 477, 98 L. Ed. 1069 (1954).

Under the federal rules, Rule 26(d) serves as the gatekeeper for the conduct and timing of discovery. That rule imposes a very specific prohibition:

**Timing and Sequence of Discovery.** Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f).

Rule 26(f) in turn requires the parties to confer, to develop a proposed discovery plan, and to submit that plan to the Court for consideration and approval. Only then may discovery proceed. Under these rules, plaintiffs could not even <u>seek</u> discovery until after the

2

ClibPDF - www.fastio.com

September 7, 2000 meeting of the parties' attorneys, much less seek to compel discovery without ever even serving any discovery captioned in the federal case.

Rules 26(d) and (f) plainly intend to establish a fair procedure and a clear schedule for discovery, agreed to by the parties, with such judicial intervention and direction as may be necessary. That goal would be thwarted if one party were able to circumvent both the scheduling provisions and the numerical and substantive restrictions on discovery by enforcing after removal discovery that it served under the much less circumscribed state court discovery rules. The federal rules did not intend to give one side such a tactical advantage, and the Court should not read them to do so. Cf. Rule 26(d) 1970 advisory committee notes (noting that portion of Rule 26(d) overruling the old "chronological priority" rule of discovery was intended to remove defendants' fortuitous tactical advantage in being permitted to note depositions sooner than plaintiffs).

The vitality of the general ban on pre-conference discovery in a removed case is reinforced by the specific rules governing interrogatories and document requests. The 1993 Advisory Committee notes to Rules 33 and 34 make clear that any discovery requests served in state court prior to removal are not due until after the federal 26(f) meeting, just like all other discovery. The notes to the 1993 amendment to Rule 33 of the Federal Rule of Civil Procedure state:

> When a case with outstanding interrogatories exceeding the number permitted by this Rule is removed to federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule. Moreover, under Rule 26(d), the time for response would be measured from the date of the parties' meeting under Rule 26(f). See Rule 81(c), providing that the rules govern procedures after removal. (emphasis added)

3

See also Fed. R. Civ. P. 34, 1993 Advisory Committee notes.   These comments

unambiguously apply to plaintiffs' present discovery requests and fatally undercut plaintiffs'

motion.

Plaintiffs' assertion that their discovery requests constitute "other proceedings" that

should "remain in full force and effect" pursuant to 28 U.S.C. § 1450 finds no support either

in the language of that statute or in the case law interpreting it.  The statute provides:

> **Attachment or sequestration; securities:**
>
> Whenever any action is removed from a State court to a district court of the
> United States, any attachment or sequestration of the goods or estate of the
> defendant in such action in the State court shall hold the goods or estate to
> answer the final judgment or decree in the same manner as they would have
> been held to answer final judgment or decree had it been rendered by the State
> court.
>
> All bonds, undertakings, or security given by either party in such action prior
> to its removal shall remain valid and effectual notwithstanding such removal.
>
> All injunctions, orders, and other proceedings had in such action prior to its
> removal shall remain in full force and effect until dissolved or modified by the
> district court.

28 U.S.C. § 1450.

Interpreting "other proceedings" to include a party's discovery requests (and, by

extension, the specific deadlines for those discovery requests) would stretch this section far

beyond its reasonable meaning.  Under the rule of statutory construction of *ejusdem generis*,

a court should interpret a catch-all provision like "other proceedings" to mean acts "falling

within the same general class or category as the activities specifically listed." In re John E.

Graham & Sons, 210 F.3d 333, 343 (5th Cir. 2000)(applying *ejusdem generis* doctrine to

statutory list with catch-all provision at end).  Here, both section 1450's title and all of the

specific instances it lists describe either acts of the court itself (attachments, sequestrations,

4

orders, injunctions) or acts of the parties pursuant to a court requirement imposed for the protection of an opposing party (bonds, undertakings, security). Conversely, none of the specific instances listed involves a party acting unilaterally and voluntarily for its own benefit, as a party does in propounding discovery requests. Any reasonable reading of this statute can only conclude that it does not include, and was not intended to include, discovery requests pending at the time of removal.

This conclusion is also borne out by the dual purposes of § 1450: to promote judicial economy by avoiding the need for a federal court to repeat the acts of the state court, and to make sure that a party cannot effectively void an act of the state court merely by removing the case to federal court. As the United States Supreme Court stated:

> [T]wo basic purposes are served [by section 1450]. Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. Thus attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court.

Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 435, 39 L. Ed. 2d 435, 448, 94 S. Ct. 1113 (1974).

Although not directly on point, Visicorp v. Software Arts, Inc., 575 F. Supp. 1528 (D.N.C. 1983), is also instructive on this issue. In Visicorp, plaintiff sought remand of a case removed to federal court on the ground, inter alia, that defendants had failed to file in federal court "all process, pleadings, and orders" served in the state court (as required by 28 U.S.C. § 1446(a)) because they did not file the state court discovery requests in federal court. The court rejected this argument with observations that are particularly pertinent here:

5

Discovery such as that which plaintiff argues should be filed herein simply does not constitute process, pleadings or orders.  Whether or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal. 28 U.S.C. §1450.  Both §§ 1446(a) and 1450 contemplate an avoidance of duplicity by the federal court of the state court's efforts, not the parties.  There is no reason to stretch the clear meaning of the words embodied in § 1446(a) to include the discovery subject to plaintiffs' argument.

575 F. Supp at 1532 (emphasis added).  Likewise here, this Court has no reason to stretch the clear meaning of "other proceedings" to include plaintiffs' discovery requests, particularly when such a reading directly contradicts the text of and comments to the federal rules.

The authorities on which plaintiffs' memorandum relies provides no support for their argument.  The sole case plaintiffs cite, Ratkovich v. Smithkline and French Laboratories, a div. of Smithkline Beckman Corp., No. 88C-3758, 1988 WL 135648 (N.D. Ill. Dec. 12, 1988)(attached to plaintiffs' memorandum), directly contradicts plaintiffs' argument.  The Ratkovich case did not involve the situation here, where a party serves discovery before removal and then seeks to compel responses after removal.  Instead, based on the limited context provided in the brief decision, the issue before the Ratkovich court appears to have involved the parties' improper service of discovery captioned in the state court case after the case had been removed to federal court.  The court rejected those efforts, holding:

> Discovery that has been filed in the state court action post-removal cannot be considered in this case if it has not become part of the federal record.  This court is without authority to order answers to questions that have not been posed under caption of this case or filed in state court post-removal.  All parties are ordered to conduct discovery in this case with the caption designated for this federal proceeding.
>
> ***
> . . . Defendants are ordered to file responses in federal court to plaintiffs' discovery requests 30 days after such discovery is refiled in this court.

6

Ratkovich at *1 (emphasis added).  Thus, directly contrary to plaintiffs' assertion, the Ratkovich court held that it had no authority to order responses to discovery that was not captioned in the federal court case.  That court merely ordered defendants to respond to discovery within 30 days (the normal period under the federal rules) after plaintiffs refiled the discovery in the federal court.  This case provides no support for plaintiffs' argument.

Plaintiffs' citations to Rutter Group Prac. Guide Fed. R. Civ. Proc. Before Trial ¶ 2:1023 (1999) (mistakenly cited as ¶ 2:1015 of that volume), Pl. Memo at 2, are also highly misleading.  Most prominently, plaintiffs' quotation of that volume conspicuously stops just before crucial qualifying language.  The complete passage from which plaintiffs quote reads:

> (3)      [2:1023]  **Prior discovery requests**:  Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 USC §1450 unless modified or terminated by the federal court.  Discovery requests appear to be "proceedings had in such action prior to removal" within the meaning of §1450.
>
> However, the matter is unclear. [See *Visicorp v. Software Arts, Inc.* (ND CA 1983) 575 F.Supp. 1528, 1531-"Whether or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal" (dictum)]
>
> ⇨    [2:1023.1]  **PRACTICE POINTER**: Avoid the problem.  The better practice in such cases is to contact opposing counsel and get a stipulation as to when the discovery in question shall be due.  Or, if appropriate, simply serve additional discovery requests under the Federal Rules.

Rutter Group Prac. Guide Fed. R. Civ. Proc. Before Trial ¶2:1023 (1999) (copy attached).  The treatise itself this admits that its conclusion that pre-removal discovery should be given post-removal effect is simply a "best guess," and the treatise does not account for the comments to Rules 33 and 34 that contradict that conclusion.  As the Ratkovich court did, however, the treatise does suggest exactly what plaintiffs should

7

have done here:  re-serve the discovery with the federal caption as permitted by the federal rules, that is, <u>after</u> the Rule 26(f) conference.  Notwithstanding plaintiffs' indisputable awareness of these admonitions, plaintiffs have moved to compel without support from any rule, case, commentary, or other authority.

Moreover, even assuming for the sake of argument that plaintiffs' pre-removal discovery requests are not entirely moot, as suggested by <u>Ratkovich,</u> the comments make clear that responses to such discovery requests are due, at the earliest, 30 days after the parties Rule 26 conference, or in the present case October 7, 2000.  In light of Novatis's motion for discovery bifurcation and the consequent dispute over the appropriate scope of initial discovery efforts, Novartis has, out of an abundance of caution, moved this Court simultaneously with the submission of this response for a protective order concerning plaintiffs' purported discovery requests pending the Court's decision on bifurcation and other discovery issues.

In sum, the federal rules, the advisory committee notes, and the case law all compel the conclusion that discovery requests served in state court are of no effect after a case is removed to federal court, at least not until that discovery is made part of the overall federal discovery plan at the conference required by Rules 26(d) and 26(f). Plaintiffs cannot compel responses to discovery prior to the Rule 26(f) conference, and the Court should deny plaintiffs' motion.

8

# CONCLUSION

For the reasons stated above, Novartis urges this Court to deny plaintiffs' motion to

compel.

Dated:  October 2, 2000.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
attorney-in-charge
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

James A. O'Neal
Minnesota Bar No. 8248X
Joseph M. Price
Minnesota Bar No. 88201
Bruce Jones
Minnesota Bar No. 179553
Faegre & Benson LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000
Fax (612) 336-3026

Earl B. Austin
State Bar No. 1437300
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6542
Fax (214) 953-6503
**Attorneys for Defendants Ciba-
Geigy Corp. USA and Novartis
Pharmaceuticals Corp.**

9

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served by United States mail, via certified service, return receipt requested, to counsel of record as follows:

Frank Costilla
Law Offices of Frank Costilla
5 East Elizabeth
Brownsville, Texas 78520

C. Andrew Waters
Peter Kraus
Waters & Kraus
4807 West Lovers Lane
Dallas, Texas 75209

Charles S. Siegel
Law Office of Charles S. Siegel
3402 McFarlin, Suite 200
Dallas, Texas 75205

Robert P. Charrow
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Schirrmeister Ajamie, LLP
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. NW
Washington, DC 20036

Tom A. Lockhart
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550

On this 2nd day of October, 2000

Eduardo Roberto Rodriguez

ClibPDF - www.fastio.com

# FEDERAL CIVIL PROCEDURE BEFORE TRIAL

### Chapters 1-7

## JUDGE WILLIAM W SCHWARZER

## JUDGE A. WALLACE TASHIMA

## JAMES M. WAGSTAFFE

---

### CONTRIBUTING EDITORS

**Judge Marvin E. Aspen** (ND IL)

**Judge John L. Kane, Jr.** (D CO)

**Judge William C. O'Kelley** (MD GA)

**Steven J. Adamski** (San Luis Obispo, CA)

---

## 2000



CONTINUING LEGAL EDUCATION  **TRG**  PROGRAMS AND PUBLICATIONS

# THE RUTTER GROUP™

A DIVISION OF WEST GROUP

ClibPDF - www.fastio.com

**[2:1020 — 2:1024]**

    (a) **[2:1020]    Example:**    State court issues a temporary restraining order without notice. By its terms, the order is to remain in effect for **21 days** (valid under state law). D immediately removes the case to federal court. The restraining order remains in effect, but its duration is now subject to federal law. (Rule 65(b) limits temporary restraining orders to **10 days**.) [*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, supra]

    (b) **[2:1021]    Comment:**    Even so, the better practice is to comply with the state court's order until changed by the federal court!

(2) **[2:1022]    Prior discovery orders:**    Discovery *orders* made by the state court before removal remain in effect *unless* modified or dissolved by the federal court. [See 28 USC §1450; *First Atlantic Leasing Corp. v. Tracey* (D NJ 1989) 128 FRD 51, 54; see also *Ex Parte Fisk* (1885) 113 US 713, 725, 5 S.Ct. 724, 729 (interpreting predecessor statute)]

(3) **[2:1023]    Prior discovery requests:**    Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 USC §1450 unless modified or terminated by the federal court. Discovery requests appear to be "proceedings had in such action prior to removal" within the meaning of §1450.

However, the matter is unclear. [See *Visicorp v. Software Arts, Inc.* (ND CA 1983) 575 F.Supp. 1528, 1531— "Whether or not such discovery is lodged with the state court, *it is not a matter which remains with any force or effect* after removal" (dictum)]

    **[2:1023.1]    *PRACTICE POINTER:***    Avoid the problem. The better practice in such cases is to contact opposing counsel and get a stipulation as to when the discovery in question shall be due. Or, if appropriate, simply serve additional discovery requests under the Federal Rules.

(4) **[2:1024]    Prior law and motion rulings:**    The federal court has the same power to reconsider and reverse earlier interlocutory rulings as would the state court. Thus, law and motion rulings made by the state court will remain in effect, but can be changed by the federal court after removal. [*Preaseau v. Prudential Ins. Co. of America* (9th Cir. 1979) 591 F2d 74, 79; *Nissho-Iwai American Corp. v. Kline* (5th Cir. 1988) 845 F2d 1300]

Rev. #1 2000