IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Maria Elena Hernandez, | ) | |
| Miguel Angel Hernandez, | ) | |
| Heather Butler, individually and, | ) | |
| on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-00-82 |
| | ) | |
| CIBA-GEIGY Corp. USA, | ) | |
| Novartis Pharmaceuticals Corp., | ) | |
| Children and Adults with Attention- | ) | |
| Deficit/Hyperactivity Disorder | ) | |
| (CHADD), American Psychiatric | ) | |
| Association, | ) | |
| | ) | |
| Defendants. | ) | |

### AMERICAN PSYCHIATRIC ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

In disregard of this Court's orders, the local and Federal Rules, and any sensible approach to this case, Plaintiffs have filed a motion to compel discovery responses before a discovery plan is even in place. Plaintiffs' motion should be rejected out of hand.[1]

As a threshold matter, the discovery to which Plaintiffs seek to compel responses is not even properly served in federal court. The discovery at issue was served along with the complaint in the state court action before the case was removed to this Court. Neither

---

[1] The APA agrees with, and incorporates, the Response of Novartis Pharmaceutical Corporation ("Novartis") to Plaintiffs' Motion to Compel Discovery Responses ("Motion").

the Plaintiffs nor the state court took any action on this discovery prior to removal. For reasons stated in Novartis's Response, Plaintiffs' state-filed discovery does not have any force or effect in this case following removal to federal court. See Visicorp v. Software Arts, Inc., 575 F. Supp. 1528, 1532 (D.N.C. 1983) ("Whether or not [a request for] discovery is lodged with the state court, it is not a matter which remains of any force or effect after removal.").

Even if the discovery had any validity, Plaintiffs' motion to compel is completely outside the scope of the requirements of the Federal Rules and ignores this Court's approach to case management. Federal Rules 16 and 26, together with this Court's standing order of May 30, 2000 and its "Civil Procedure" guidelines, contemplate an ordered approach to case management that requires the parties, before engaging in extensive merits discovery, to meet and confer and submit a case management plan to the Court. The plan for this case, to be established by the Court following the October 16 planning conference, will then govern the filing of discovery requests and any motions to compel. Until then, Rule 26(d) forbids premature, unilateral2 discovery efforts:

Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f).

Fed. R. Civ. P. 26(d) (emphasis added).

This case in particular is in need of a structured early management plan because of the serious flaws in the Plaintiffs' claims. For reasons set forth in part in the APA's Motion to Dismiss Under Rule 9(b), filed July 11, 2000, this lawsuit faces substantial legal and procedural hurdles. Plaintiffs should be required to satisfy the requirements of Rule 9(b) and survive other dispositive motions before any discovery proceeds. Even if Plaintiffs' lawsuit survives, the class certification decision should be made as soon as possible, necessitating bifurcation of discovery so that the limited class-related discovery

---

2

    If Plaintiffs were allowed to pursue state-court discovery, served together with the state complaint in a removed action, it would put Defendants at an unacceptable disadvantage. Rule 26(d) would not allow Defendants to file their own discovery in federal court until after the Rule 26(f) conference on October 16. Plaintiffs have provided no justification as to why they should be permitted unilateral discovery before then.

required for this case can proceed promptly before contentious merits discovery begins. All of this will be the subject of the proposed case management orders submitted by the parties and will be discussed at the October 16 conference.

Regrettably, Plaintiffs have ignored all of this in pressing for responses to their broad, state-served discovery. Plaintiffs began insisting on responses to this discovery before the parties had even met pursuant to Rule 26(f) to discuss a discovery plan. See Plaintiffs' Motion to Compel at 2. Plaintiffs have wasted the Court's and Defendants time by filing their motion, and it should be summarily denied.

Respectfully submitted,

By: *[signature: Andrew C. Schirrmeister III]*
Andrew C. Schirrmeister, III, Esq.
State Bar No. 17750650
Southern District of Texas Bar No. 5546
George R. Diaz-Arrastia, Esq.
State Bar No. 05805600
Southern District of Texas Bar No. 12
Schirrmeister Ajamie LLP
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002
(713) 860-1600 Telephone
(713) 860-1699 Facsimile

JoAnn E. Macbeth, Esq.
District of Columbia Bar No. 371264
Laurel Pyke Malson, Esq.
District of Columbia Bar No. 317776
William L. Anderson, Esq.
District of Columbia Bar No. 419340
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 Telephone
(202) 628-5116 Facsimile

Attorneys for
American Psychiatric Association

## Certificate of Service

    I hereby certify that a true and correct copy of American Psychiatric Association's Opposition to Plaintiffs' Motion to Compel Discovery Responses has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 2nd day of October 2000.

_____
Andrew Schirrmeister III