44

United States District Court
Southern District of Texas
FILED

OCT 1 6 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Maria Elena Hernandez, Miguel Angel Hernandez, Heather Butler, individually and On behalf of all others similarly situated § § § § Plaintiff, § § § Ciba-Geigy Corporation, U.S.A., § Novartis Pharmaceuticals Corporation, § Children and Adults with Attention, § Hyperactivity Deficit Disorder (CHADD), § American Psychiatric Association (APA), § Defendants. § | No. B-00-082 |

**PLAINTIFFS' RESPONSE TO DEFENDANT NOVARTIS
PHARMACEUTICALS' MOTION FOR BIFURCATION OF DISCOVERY**

Come now plaintiffs, Maria Elena Hernandez, Miguel Angel Hernandez, and Heather Butler, individually and on behalf of all others similarly situated, and file their Response to Defendant Novartis Pharmaceuticals' Motion for Bifurcation of Discovery, and in support thereof would respectfully show as follows:

I. BOTH SIDES SHOULD BE ALLOWED TO PROCEED ON THE
MERITS -- NOT JUST DEFENDANTS

Defendant insists that only discovery related to class certification can take place, because certification must be resolved before any discovery on the merits. Yet even before the issue of certification is taken up, defendants have asked for a dismissal on the merits. Defendants should not get to have it both ways.

Defendants have filed motions to dismiss the case for failure to plead a claim properly under Fed.R.Civ.Proc. 9(b). This is the equivalent of a motion to dismiss under

1

Rule 12(b)(6), since "a dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim." <u>United States ex rel. Russell v. Epic Healthcare Mgmt. Group</u>, 193 F.3d 304, 308 (5th Cir. 1999). Defendants thus seek a judgment on the merits that would bar relitigation of plaintiffs claims. <u>Federated Dep't. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under [Rule] 12(b)(6) is a 'judgment on the merits.'"), citing <u>Angel v. Bullington</u>, 330 U.S. 183, 190 (1947).

Why should defendants get an initial shot at a judgment on the merits, but then have the case closed down for months while no further merits activity takes place? Certification either comes first or it doesn't. The Court can resolve the issue of class certification prior to disposition of the Rule 9(b) motions, or it can rule on such motions and allow plaintiffs to conduct merits – related discovery, going forward, as well.

## II. BIFURCATION WILL NOT AID JUDICIAL ECONOMY

Defendant suggests that judicial efficiency would be better served by an initial period of discovery on the threshold issue of class certification. Defendant then suggests, in its case management submissions, a discovery schedule, solely for the basis of determining class certification, which concludes in August 2001. Under defendant's proposed schedule, plaintiffs would be required to put their case on hold, for approximately sixteen months after the suit was filed, before beginning with merits-based discovery.

Defendant's argument rests heavily on an excerpt from the *Manual for Complex Litigation (3d)*. In particular, defendant relies on the following passage, "Bifurcating

2

class and merits discovery can at times be more efficient and economical (particularly when the merits discovery would not be used if certification is denied) ..." But defendant fails to note the remainder of that passage, which states that bifurcation may "result in duplication and unnecessary disputes among counsel over the scope of discovery." *Manual for Complex Litigation* § 30.12 (3d ed. 1995). Also, defendant fails to acknowledge that without certification, the case will still go forward thereby resulting in unjust delay to the plaintiffs.

Moreover, there is no inevitable conservation of the parties' or the court's time and effort. E.g., Gray v. First Winthrop Corp., 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.") "Certification" and "merits" discovery frequently overlap, and discovery requests ostensibly limited to certification issues "would be proper so long as they request information relevant to the class action issues ...It should be noted that it is not necessary that the [discovery requests] relate solely to the class action determination...The mere fact that some of the [discovery requests] may be relevant to the merits of the case does not mean they should remain unanswered, so long as they relate to the class issues or are reasonably calculated to lead to the discovery of information relevant to the class issues." Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, 77 F.R.D. 399, 403 (N.D. Ill. 1977).

Finally, everything relevant to the class claims is also relevant to the named plaintiffs' claims. Defendant's claim that there will be little or no discovery needed if certification is denied is wrong. The named plaintiffs make exactly the same claims

3

against all defendants that they make for themselves, and they will most assuredly pursue those claims even if certification is denied. Defendant's presumptuous assertion concerning avoidance of future discovery should be rejected.

III.

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court deny in all respects defendant's Motion for Bifurcation of Discovery.

Respectfully submitted,

WATERS & KRAUS

*Frank Costilla* with permission

Frank Costilla
State Bar No. 04856500
Federal I.D. 1509
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 541 3152 telecopier

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Law Offices of Charles S. Siegel
3219 McKinney Avenue
Suite 2000
Dallas, Texas 75204
(214) 357 6244
(214) 871-2263

C. Andrew Waters
State Bar No. 20911450
Peter A. Kraus
State Bar No. 11712980
3219 McKinney Avenue
Suite 3000
Dallas, Texas
(214) 357-6244
(214) 357-7252 telecopier

4

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served by facsimile to all counsel of record on October 16, 2000.


Earl B. Austin
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-6542
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

James A. O'Neal
Joseph M. Price
Bruce Jones
Faegre & Benson L.L.P.
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55404-3901
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

Eduardo Roberto Rodriguez
Mitchell C. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

Robert P. Charrow
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004
Attorneys for American Psychiatric Association

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Schirrmeister Ajamie, L.L.P.
Pennszoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002
Attorneys for American Psychiatric Association

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. N.W.
Washington, DC 20036
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder (CHADD)

Tom A. Lockhart
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Attorneys for Children and Adults with Attention-Deficit/Hyperactivity Disorder (CHADD)

Dated: October 16, 2000

Frank Costilla
Charles S. Siegel