45

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 17 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Maria Elena Hernandez, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-00-82 |
| v. | § | |
| | § | |
| CIBA-GEIGY Corp. USA, et al, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

BE IT REMEMBERED, that on October 17, 2000, the Court considered the Defendant Novartis Pharmaceuticals Corp.'s ("Novartis") Rule 9(b) Motion to Dismiss [Dkt. No. 10], Defendant American Psychiatric Association's ("APA") Motion to Dismiss under Federal Rule of Civil Procedure 9(b) [Dkt. No. 12], Defendant Children and Adults with Attention-Deficit/Hyperactivity Disorder's ("CHADD") Rule 9(b) Motion to Dismiss [Dkt. No. 17], Plaintiffs' Motion to Compel Discovery [Dkt. No. 28], and Novartis' Motion for a Protective Order [Dkt. No. 41].  After considering the motions, responses and replies filed by the Parties, and hearing argument on the motions, the Court **GRANTS IN PART** and **DENIES IN PART** the three Defendants' motions to dismiss [Dkt. Nos. 10, 12 and 17], **DENIES** Plaintiffs' Motion to Compel Discovery [Dkt. No. 28], **GRANTS** Novartis' Motion for a Protective Order [Dkt. No. 41], and **ORDERS** the Plaintiffs to replead their complaint with particularity in accordance with this order by November 17, 2000.  If the Plaintiffs amend their complaint and the Defendants wish to file additional Rule 9(b) motions, they must do so by December 15, 2000.  Furthermore, the Court **STAYS** discovery until it has ruled on the pending Motion to Bifurcate [Dkt. No. 32], and **ORDERS** the Parties to submit an agreed scheduling order within fifteen days after they receive a ruling on the Motion to Bifurcate [Dkt. No. 32].

1

ClibPDF - www.fastio.com

**I.      Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 9(b) [Dkt. Nos. 10, 12 and 17]**

A.      *An overview of Federal Rule of Civil Procedure 9(b)*

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Rule 9(b) was formulated to ensure that defendants can effectively respond to plaintiffs' allegations, to prevent the filing of baseless complaints to obtain discovery on unknown wrongs, and to protect defendants from unfounded allegations of wrongdoing which might injure their reputations.  See Melder v. Morris, 27 F.3d 1097, 1100 (5th Cir. 1994); Frith v. Guardian Life Ins. Co. of America, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998); Mitchell Energy Corp. v. Martin, 616 F.Supp. 924, 927 (S.D. Tex. 1985).

Rule 9(b) motions to dismiss are treated in essence like Rule 12(b)(6) motions to dismiss for failure to state a claim.  See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 901 (5th Cir.1997).  There is, however, one significant difference between the two types of motions.  While courts routinely dismiss causes of action without leave to replead when they grant motions to dismiss for failure to state a claim, there is a general consensus that plaintiffs should be provided with an opportunity to amend their complaint to meet Rule 9(b)'s requirements before ordering dismissal.  See Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000); O'Brien v. National Property Analysts Partners, 936 F.2d 674, 675-76 (2d Cir.1991); Cates v. International Telephone and Telegraph Corp., 756 F.2d 1161, 1180 (5th Cir.1985); Frith, 9 F.Supp.2d at 743.  To dismiss a complaint outright for failure to comply with Rule 9(b) "would be at odds with the liberal approach to pleading of the [R]ules [of Civil Procedure] as a whole, and could lead to injustice."  Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1297.

2

B.    _Allegations underlying the Plaintiffs' causes of action_

The Defendants argued in their motions to dismiss and at the Court's initial pretrial conference held on October 16, 2000 that there are fundamental inconsistencies in the Plaintiffs' complaint that prevents them from preparing an adequate defense to this lawsuit.  The Court does not find the Plaintiffs' complaint to be contradictory on its face.  It reads the complaint to allege, in short, that Defendants Novartis,[1] CHADD, and the APA conspired to create the diagnosis of Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD) in order to increase the sale of Ritalin, a drug manufactured by Novartis, and that ADD and ADHD do not exist.  Moreover, the Plaintiffs – parents who purchased Ritalin for their children – allege that the Defendants failed to provide adequate information on the drug's side effects, and that Novartis misrepresented its efficacy.

While the Court finds the Plaintiffs' complaint to be clear, the Plaintiffs made allegations at the initial pretrial conference that vary from their complaint.  At the hearing, the Plaintiffs acknowledged that there are a small number of children who can be effectively treated with Ritalin, but alleged that the large majority of children who are prescribed Ritalin do not need it.  They further alleged that these children were prescribed Ritalin, not out of medical necessity, but because of the Defendants' individual and collective actions to market Ritalin and create improper diagnosis criteria in the Diagnostic and Statistical Manual of Mental Disorders ("DSM") published by the APA.  The argument made to the Court at the initial pretrial conference differs markedly from the allegations in the Plaintiffs' live complaint.  Therefore, the Court **ORDERS** the Plaintiffs to clarify their basic allegations against each Defendant.[2]  In addition, if the

---

[1] Novartis is the successor corporation to the fourth defendant named in the Plaintiff's complaint, Ciba-Geigy Corporation USA.  The Plaintiffs state in their complaint that Ciba-Geigy Corporation USA no longer exists.

[2] As noted _infra_ in Section II(C) of this order, the Plaintiffs must make individual allegations against each Defendant to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).

3

Plaintiffs amend their complaint to coincide with their assertions at the initial pretrial conference, they must also clarify the claims of the named Plaintiffs. It is unclear whether the named Plaintiffs allege that their children were prescribed Ritalin when they had no medical need for the drug, or whether there was a legitimate medical need for the prescription but they were not warned of side effects or the limited efficacy of the drug.

C.    _Does Federal Rule of Civil Procedure 9(b) apply to the causes of action pled by the Plaintiffs?_

The first step in addressing any Rule 9(b) motion to dismiss is to determine what causes of action are pled by the plaintiff and whether the rule applies to those claims. Rule 9(b) applies to all allegations that sound in fraud.  In other words, Rule 9(b) looks beyond how the plaintiff phrases his or her complaint, and applies "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."  Frith, 9 F.Supp.2d at 742 (citing Toner v. Allstate Ins. Co., 821 F.Supp. 276, 283 (D. Del.1993) (citations omitted)).

The Court reads the Plaintiffs' complaint to allege that each Defendant committed common law fraud, violated Article 10 of the United Nations Convention on Psychotropic Substances, and violated the New Jersey Consumer Fraud Act.  In addition, the complaint alleges that the Defendants engaged in a civil conspiracy to violate the aforementioned provisions of law.

1.    Common law fraud

Rule 9(b) clearly applies to the Plaintiffs' common law fraud claim.  To prevail on a common law fraud cause of action, a plaintiff must prove that the defendant made: (1) a mistatement or omission (2) of a material fact (3) with intent to defraud (4) on which the Plaintiffs relied, and (5) which proximately caused him or her injury.  See Williams v. WMX Technologies, Inc., 112 F.3d 175, 177 (5th Cir. 1997).  Rule 9(b) requires the Plaintiffs to plead all of the elements of common law fraud with particularity, with one

4

exception.  The text of Rule 9(b) explicitly states that intent to defraud "may be averred generally."  Federal Rule of Civil Procedure 9(b).

### 2.    The New Jersey Consumer Fraud Act

Section 56:8-2 of the New Jersey Consumer Fraud Act states that "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." N.J.S.A. § 56:8-2.[3]  The New Jersey Consumer Fraud Act prohibits a wide variety of actions that can be classified into three categories:  affirmative acts, knowing omissions, and regulations enacted under N.J.S.A. 56:8-4.  See Cox v. Sears, Roebuck & Co., 647 A.2d 454, 462 (1994).  "When the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act."  Id.  Even actions taken in good faith may subject the actor to liability for consumer fraud.  See Gennari v. Weichert Co. Realtors, 691 A.2d 350, 364-65 (1997); Ji v. Palmer, 755 A.2d 1221, 1227 (N.J. Super. A.D. 2000).  "However, when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud."  Id. See also In re National Credit Management Group, L.L.C., 21 F.Supp.2d 424, 449 (D. N.J. 1998).  The violation of a regulation enacted under N.J.S.A. § 56:8-4 is a per se violation of the New Jersey Consumer Fraud Act and imposes strict liability.  See id.

---

[3] The Plaintiffs cite to N.J.S.A. § 56:8-13-301 in their complaint; however, that section does not exist. The only provisions in Title 56, Chapter 8, that apply to the Plaintiffs' claims are §§ N.J.S.A. 56:8-2 and 56:8-4, the provisions cited in the body of this order.  The Court assumes that the Plaintiffs cited to N.J.S.A. § 56:8-13-301 in error.

Causes of action alleged under the New Jersey Consumer Fraud Act are subject to Rule 9(b) if they sound in fraud.  See Naporano Iron & Metal Co. v. American Crane Corp., 79 F.Supp.2d 494, 510 (D. N.J.1999).  "[T]he fact that the elements of proof in common law fraud and NJCFA violations differ does not exempt [the plaintiff] from the requirement of particularized pleading. . . . Applying Rule 9(b) does not transform NJCFA claims into common law fraud – it merely requires [the plaintiff] to detail its fraud allegations to put defendants on notice, which is a principal rationale behind the 9(b) requirement."  See Id.  The Plaintiffs state in Paragraph 35 of the "Violations of the New Jersey Consumer Fraud Act" section of their complaint that the "[D]efendants suppressed and concealed their knowledge of the potentially harmful and unreasonably dangerous (sic) of Ritalin, and the lack of need for its use in many cases, with the intent that plaintiff and others similarly situated rely upon their fraudulent misrepresentations." This allegation sounds in fraud and must be pled with particularity.

It is not clear, however, if the Plaintiffs intend to assert a distinct violation of the New Jersey Consumer Fraud Act that is not grounded in fraud. If the Plaintiffs do intend to state a separate cause of action that is not subject to Rule 9(b), they must amend their complaint to explicitly differentiate between violations of the New Jersey Consumer Fraud Act that sound in fraud and those that fall outside of Rule 9(b)'s pleading requirements.

3.     Article 10 of the United Nations Convention on Psychotropic Substances

Article 10 of the United  Nations Convention on Psychotropic Substances states: "Each Party shall require, taking into account any relevant regulations or recommendations of the World Health Organization, such directions for use, including cautions and warnings, to be indicated on the labels where practicable and in any case on the accompanying leaflet of retail packages of psychotropic substances, as in its opinion are necessary for the safety of the user.  Each Party shall, with due regard to its constitutional provisions, prohibit the advertisement of such substances to the general public."  Article 10 does not appear to be grounded in fraud, and, therefore, the Court

6

will not require the Plaintiffs to replead this claim with particularity.  The Court has not been able to locate a case which holds that the United Nations Convention on Psychotropic Substances provides an implied private right of action.  If it is later shown that an implied private cause of action exists, and that it is grounded in fraud, the Court will require the Plaintiffs to comply with Rule 9(b)'s pleading requirements.

4.    <u>Civil conspiracy to commit common law fraud, violate the New Jersey Consumer Fraud Act, and violate Article 10 of the United Nations Convention on Psychotropic Substances</u>

The elements of a civil conspiracy are: (1) two or more persons (2) who have a meeting of the minds (3) on an unlawful objective (4) and who commit one or more unlawful, overt acts in furtherance of the objective (5) that proximately causes damage to the plaintiff.  See <u>Operation Rescue-Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.</u>, 975 S.W.2d 546, 553 (Tex.1998); <u>Massey v. Armco Steel Co.</u>, 652 S.W.2d 932, 934 (Tex.1983).  A cause of action for civil conspiracy is not based on the conspiracy in and of itself; it is based on an underlying tort.  See <u>Tilton v. Marshall</u>, 925 S.W.2d 672, 681 (Tex.1996); <u>Fisher v. Yates</u>, 953 S.W.2d 370, 381 (Tex.App.-- Texarkana 1997).  In this case, the Plaintiffs appear to allege a civil conspiracy to commit common law fraud, to violate the New Jersey Consumer Fraud Act, and to violate Article 10 of the United Nations Convention on Psychotropic Substances.[4]

The weight of Fifth Circuit precedent holds that a civil conspiracy to commit a tort that sounds in fraud must be pleaded with particularity.  This makes sense given that the underlying tort is subject to Rule 9(b).  See <u>Castillo v. First City Bancorporation of Texas, Inc.</u>, 43 F.3d 953, 960 (5th Cir. 1994); <u>U.S. ex rel. Johnson v. Shell Oil Co.</u>, 183

_____

[4]At the Court's initial pretrial conference, the Plaintiffs argued that their civil conspiracy claims are not based on fraud, and, therefore, they should not be required to replead them with particularity.  The Court does not read the Plaintiffs' complaint to allege an actionable underlying tort that would support a civil conspiracy claim that is not grounded in fraud, with the exception of Article 10 of the United Nations Convention on Psychotropic Substances and a possible non-fraud-based violation of the New Jersey Consumer Fraud Act.

7

F.R.D. 204, 208 (E.D.Tex. 1998); In re Ford Motor Co. Vehicle Paint Litigation, 1996
WL 426548 (E.D. La. 1996); Resolution Trust Corp. v. Hays, 1993 WL 302150
(W.D.Tex.1993). See also Rutter, FEDERAL CIVIL PROCEDURE BEFORE TRIAL: 5TH CIRCUIT
EDITION § 8:65(2).[5]   "In deciding the fraud and fraud based conspiracy claim, we
address the fraud claim first because it is the underlying basis for the conspiracy claim.
The trial court dismissed that fraud claim under Rule 9(b) which states that conclusory
allegations of fraud are not sufficient to survive dismissal." Askanase v. Fatjo, 130 F.3d
657, 676 (5th Cir. 1997).  Therefore, the Plaintiffs' conspiracy claims that rely on a tort
grounded in fraud must comply with Rule 9(b).  As determined supra in Sections I(C)(1)
and (2) of this order, the Plaintiffs' common law fraud and at least part of the New
Jersey Consumer Fraud Act causes of action are grounded in fraud.  Therefore, the
conspiracy claims based on the aforementioned causes of action must be pled with
particularity.


C.      *What level of particularity is required by Federal Rule of Civil Procedure 9(b)?*

        The Fifth Circuit has fleshed out the contours of Rule 9(b)'s particularity
requirement through a long line of case law.[6]   While the exact pleading requirements of
Rule 9(b) are case-specific, there are some essential core requirements that can be
distilled from Fifth Circuit precedent.  See Guidry v. Bank of LaPlace, 954 F.2d 278, 288
(5th Cir.1992).  In every case based on fraud, Rule 9(b) requires the plaintiff to allege
as to each individual defendant "the nature of the fraud, some details, a brief sketch of

---

[5] The Court recognizes that some other circuits have not required conspiracy to commit
fraud to be pled with particularity. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21,
26 n.4 (2nd Cir. 1990); Rose v. Bartle, 871 F.2d 331, 366 (3rd Cir.1989); Emcore Corp. v.
Pricewaterhouse Coopers LLP, 102 F.Supp.2d 237, 264 (D. N.J. 2000); Tufano v. One Toms
Point Lane Corp., 64 F.Supp.2d 119, 131 (E.D. N.Y. 1999) ("Rule 9(b) is not applicable to civil
conspiracy claims, even conspiracy to defraud.").

[6] The Parties cite numerous cases from other circuits, and little precedent from the Fifth
Circuit.  This Court is bound by the rulings of the Fifth Circuit, and, therefore, the Parties should
focus their arguments on those rulings.

how the fraudulent scheme operated, when and where it occurred, and the participants." Askanase v. Fatjo, 148 F.R.D. 570, 574 (S.D. Tex.1993). See Hart, 199 F.3d at 248 n.6; Williams, 112 F.3d at 177-78; Zuckerman v. Foxmeyer Health Corp., 4 F.Supp.2d 618, 622 (N.D. Tex.1998) ("[T]he plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud" (citations omitted).); In re Urcarco Secs. Litigation, 148 F.R.D. 561, 569 (N.D. Tex. 1993). The plaintiff must also explain why the statements or omissions of the defendant were fraudulent. See Williams, 112 F.3d at 177.

Rule 9(b)'s heightened pleading requirement must be interpreted in conjunction with the Federal Rules of Civil Procedure's general emphasis on notice pleading. "In applying Rule 9(b), the Fifth Circuit has noted that the particularity standard of Rule 9(b) must be interpreted in conjunction with Rule 8's requirement that the pleading contain a short and plain statement of the claims. . . . A complaint need not state all facts pertinent to a case in order to satisfy the requirements of Rule 9(b). . . . Thus, the focus of a Rule 9(b) inquiry should be whether, given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b)."[7] Frith, 9 F.Supp.2d at 742. See Williams, 112 F.3d at 178; Tuchman, 14 F.3d at 1067; Guidry, 954 F.2d at 288. See also Wright & Miller, FEDERAL PRACTICE & PROCEDURE §§ 1297 and 1298. "Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading." Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1298. Therefore, when a cause of action grounded in fraud is based on complicated or lengthy occurrences, courts tend to be less exacting. See e.g. U.S. ex rel. Johnson, 183 F.R.D. at 208; Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1298. Moreover, the plaintiff may plead fraud upon information and belief if the facts required to satisfy

---

[7] Official Form 13 in the appendix of the Federal Rules of Civil Procedure illustrates that the requirements of Rule 9(b) can be met in a few sentences.

Rule 9(b) are within the defendants knowledge and control, and the plaintiff can provide adequate support for his or her allegations.  See United States ex rel. Thompson, 20 F.Supp.2d at 1039; United States ex. rel. Thompson, 125 F.3d at 903 (quoting Tuchman, 14 F.3d at 1068); Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1298.

Many, if not most, recent Fifth Circuit cases that explain the level of specificity required by Rule 9(b) are based on Racketeer Influenced and Corrupt Organizations Act (RICO) and securities fraud causes of action.[8]  These cases strictly apply the heightened pleading standards of Rule 9(b).[9]  While these cases provide important guidance as to the requirements of Rule 9(b), the Court recognizes that they require a level of specificity that may not apply to the particular facts of this case in every respect.

III.     **Plaintiffs' Motion to Compel Discovery** [Dkt. No. 28] **and Defendant Novartis' Motion for a Protective Order** [Dkt. No. 41]

Given that the Court has ruled that portions of the Plaintiffs' complaint do not comply with the particularity requirements of Federal Rule of Civil Procedure 9(b) and has ordered the Plaintiffs to replead their complaint, the Court **STAYS** discovery until the Plaintiffs have filed an amended complaint and the Court has ruled on the pending Motion to Bifurcate Discovery [Dkt. No. 32].  The Plaintiffs' Motion to Compel Discovery [Dkt. No. 28] is therefore **DENIED** and Defendant Novartis' Motion for a Protective Order is **GRANTED** to the extent that it is not required to respond to discovery until after the Court has ruled on the aforementioned matters.

---

[8] See Williams, 112 F.3d at 178; Tuchman, 14 F.3d at 1067-68; Melder, 27 F.3d at 1100 n.5; Castillo v. First City Bancorporation of Texas, Inc., 43 F.3d at 961-62; Shushany, 992 F.2d at 519-20; Guidry, 954 F.2d at 287-88.

[9] "In recent years some courts have shown a tendency to be more demanding in their application of Rule 9(b). This has been most noticeable in securities fraud actions and claims under the Racketeer Influenced and Corrupt Organizations Act.  These cases undoubtedly reflect a reaction to the increased numbers of these cases and the desire to filter out frivolous cases." Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1297.

## IV   Conclusion

In conclusion, the Court has made in the following rulings in this order:

(1)    The Plaintiffs are **ORDERED** to replead their causes of action for common law fraud, violation of the New Jersey Consumer Fraud Act, conspiracy to commit common law fraud, and conspiracy to violate the New Jersey Consumer Fraud Act with particularity, as required by Federal Rule of Civil Procedure 9(b).  If the Plaintiffs do mean to plead a violation of the New Jersey Consumer Fraud Act that does not sound in fraud, they are not required to replead that cause of action with particularity, however, they are **ORDERED** to distinguish that cause of action from the allegations in their complaint that are grounded in fraud;

(2)    If the Plaintiffs amend their complaint and the Defendants wish to file additional Rule 9(b) motions, they must do so by December 15, 2000.  As provided by this Court's Chamber Rules, the Plaintiffs' response to such motions will be due twenty days after they are filed.  The Court will rule on any additional Rule 9(b) motions in an expedited fashion;

(3)    Discovery is **STAYED** until the Plaintiffs have filed an amended complaint, and the Court has ruled on any subsequent Rule 9(b) motions and the Motion to Bifurcate Discovery [Dkt. No. 32]; and,

(4)    The Parties are **ORDERED** to submit an agreed proposed scheduling order within fifteen days after the Court rules on the pending Motion to Bifurcate Discovery [Dkt. No. 32] since there is no scheduling order currently in place.

DONE at Brownsville, Texas, this 17th day of October 2000.

Hilda G. Tagle
United States District Judge

11