# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas   ■ Koerner |
| DATE | 10 / 16 / 00 |
| TIME | 2:25 p.m. — 3:40 p.m. |
| CIVIL ACTION | B-00-82 |
| STYLE | **Hernandez, et al** *versus* **Ciba-Geigy, et al** |

## DOCKET ENTRY

(HGT)  ■ Initial Pretrial Conference;   ☐ Motion Hearing;   (Rptr. Breck Record)

1. **Plaintiffs**: C. Andrew Waters and Charles Siegel

2. **Defendant Novartis Pharmaceuticals Corp.**

   *Rodriguez, Colvin & Chaney*: Mitchell C. Chaney

   *Faegre & Benson (MN)*: James O'Neal (*PHV granted*) (lead counsel for this hearing)

3. **Defendant Children and Adults with Attention-Deficit/Hyperactivity Disorder ("CHADD")**:

   *Adams & Graham*: Tom Lockhart

   *Arent Fox (DC)*: Gerald Zingone (*PHV granted*)

4. **American Psychiatric Association ("APA")**:

   *Crowell & Moring (DC)*: Laurel Pyke Malson (*PHV granted*), Andrew Schirrmeister, William Anderson (*PHV granted*)

☐ All motions not expressly decided are denied without prejudice.

☐ Evidence taken [exhibits or testimony].

■ Argument heard on:   ☐ all pending motions;   ■ Following motions

1. Defendant Novartis Pharmaceuticals Corp.'s ("Novartis") Rule 9(b) Motion to Dismiss [Dkt. No. 10].

1

2. Defendant American Psychiatric Association's ("APA") Motion to Dismiss under Federal Rule of Civil Procedure 9(b) [Dkt. No. 12].

3. Defendant Children and Adults with Attention-Deficit/Hyperactivity Disorder's ("CHADD") Rule 9(b) Motion to Dismiss [Dkt. No. 17].

4. Plaintiffs' Motion to Compel Discovery [Dkt. No. 28].

5. Defendant Novartis' Motion for a Protective Order [Dkt. No. 41].

☐ Motions taken under advisement: _____

■ Order to be entered.

1. Scheduling order to be entered after Rule 9(b) motions and bifurcation motion resolved.

2. Order containing the Court's rulings on the Defendants' Rule 9(b) motions and the Parties' discovery motions.

☐ Miscellaneous review set: _____

■ Rulings orally rendered on:

1. Defendant Novartis Pharmaceuticals Corp.'s ("Novartis") Rule 9(b) Motion to Dismiss [Dkt. No. 10], Defendant American Psychiatric Association's ("APA") Motion to Dismiss under Federal Rule of Civil Procedure 9(b) [Dkt. No. 12], and Defendant Children and Adults with Attention-Deficit/Hyperactivity Disorder's ("CHADD") Rule 9(b) Motion to Dismiss [Dkt. No. 17] are **GRANTED**. The Plaintiffs' causes of action that sound in fraud need to be repleaded.

2. Plaintiffs need to check the citation to the provision of the NJCFA. It seems that they have cited to a non-existent provision. If so, they need to correct their complaint.

3. Plaintiffs' Motion to Compel Discovery [Dkt. No. 28] is **DENIED**.

4. Defendant Novartis' Motion for a Protective Order [Dkt. No. 41] is **GRANTED** until Rule 9(b) and bifurcations issues are resolved.

5. Defendant Novartis' Motion to Bifurcate [Dkt. No. 32] will be decided at a later date, after the Rule 9(b) motions are decided.

■ <u>Comments:</u>

1. <u>Counsel for Novartis asserts</u> that it cannot tell whether Plaintiffs' complaint alleges that ADD and ADHD do not exist, or whether Plaintiffs allege that the drug Ritalin is over-prescribed or both.

2. <u>Counsel for the APA asserts</u> that the diagnoses in the DSM are developed through committees made up of professionals who volunteer their time, not by the APA per se. The APA publishes the DSM.

    a. Complaint deficient because does not point to any scientific literature that indicates that ADD/ADHD does not exist. There are at least 500 articles out there stating that

2

       ADD/ADHD exists.

    b.    Lack of intent as to APA. DSM depends on its credibility. Strains credibility that APA would publish bogus diagnosis because it received money from Novartis. Financial motive by itself is not enough to survive a Rule 9(b) motion.

    c.    For APA to stay in the lawsuit Plaintiffs would need to show that something about the DSM is fraudulent.

3.    <u>Counsel for CHADD</u> asserts that it started out as a 'mom and pop' organization for parents with children with ADHD/ADD. It does not make sense for an organization made up of parents to defraud parents, its members. The Defendant CHADD is the 'same' as the victims. There is no allegation in the complaint that CHADD had anything to with the development of the diagnosis or promotes Ritalin use over other remedies.

4.    <u>Counsel for Plaintiffs</u> asserts that this is a motion to dismiss on the merits, and that it is then unfair to ask for bifurcation of discovery to focus first on class action issues.

    a.    Cannot detail every statement made by each Defendant over a period of decades.

    b.    <u>Related two cases</u>: The case in California is not a class action and it was filed three or four weeks ago. The New Jersey lawsuit centers on the New Jersey Consumer Fraud Act and the Defendants have not been served. Plaintiffs' counsel, C. Andrew Waters, is of counsel of record in both lawsuits.

5.    <u>Plaintiffs' motion to compel discovery</u>: Counsel for Plaintiffs assert that the Plaintiffs are entitled to discovery as to these two Plaintiffs. These two Plaintiffs allege that the DSM diagnosis was flawed, and that was the reason why the Plaintiffs were diagnosed with ADD or ADHD. The doctors properly looked at the criteria, but the criteria are flawed.

    a.    Do not deny that there is a small number of children who have a serious problem, a smaller subset of whom can be treated effectively by Ritalin. The Plaintiffs do not contend that no one in this country has a disease that cannot be effectively treated by Ritalin, but Plaintiffs are complaining of mass marketing to prescribe Ritalin to a majority of people who do/did not need it.

    b.    Counsel for Plaintiffs state that no timely objection was lodged as to discovery in state court, and so those objections are waived. Very narrow discovery requests were made: asked for memos or written communications that relate to testing of Ritalin, asked for communications regarding payments to CHADD, asked for clarification of financial relationship with researchers who have authored medical studies on Ritalin, etc.