54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 5 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Maria Elena Hernandez, | § | |
| Miguel Angel Hernandez, | § | |
| Heather Butler, individually and | § | |
| on behalf of all others similarly | § | |
| situated, | § | |
| Plaintiffs, | § | |
| v. | § | Civil No. B-00-082 |
| | § | |
| CIBA-GEIGY Corp. USA, | § | |
| Novartis Pharmaceuticals Corp. | § | |
| Children and Adults with | § | |
| Attention-Deficit/Hyperactivity | § | |
| Disorder (CHADD), | § | |
| American Psychiatric Association, | § | |
| Defendants. | § | |

**NOVARTIS PHARMACEUTICALS' MEMORANDUM OF LAW IN SUPPORT OF
SECOND RULE 9(B) AND 12(B)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ............................ 1

STATEMENT OF THE ISSUES TO BE RULED ON BY THE COURT ................................. 1

ARGUMENT ........................................................................................... 3

    A.   THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS
          BECAUSE PLAINTIFFS HAVE NOT PLED
          THEIR CLAIMS WITH THE SPECIFICITY REQUIRED BY RULE 9(b). ................ 4

          1.    Rule 9 Requires Plaintiffs to Plead the
                  Circumstances of Their Claims with Particularity. .................................... 4

          2.    Plaintiffs' Complaint Fails to Allege with
                  Particularity the Substance of Defendants'
                  Supposed Misrepresentations ................................................................... 5

          3.    Plaintiffs' Complaint Fails to Allege with
                  Particularity the Time and Location of and the
                  Participants in Defendants' Supposed
                  Misrepresentations ................................................................................. 9

    B.   PLAINTIFFS FAIL TO STATE A VALID CLAIM BECAUSE THEY DO NOT
          ALLEGE THAT THEIR CHILDREN'S ADD/ADHD DIAGNOSES WERE MISTAKEN
          OR THAT THEIR TREATMENT WITH RITALIN® WAS INAPPROPRIATE .......... 11

    C.   THE COURT SHOULD DISMISS PLAINTIFF BUTLER'S CLAIMS FOR FAILURE
          TO STATE A CLAIM, BASED ON HER DISAVOWAL OF ANY RELIANCE ON
          DEFENDANTS' ALLEGED REPRESENTATIONS ................................................. 13

    D.   THE COURT SHOULD DISMISS ANY CLAIM BASED ON ARTICLE 10 OF
          THE UNITED NATIONS CONVENTION OF PSYCHOTROPIC SUBSTANCES
          FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED .... 14

CONCLUSION ...................................................................................... 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Insurance Co., 1992 WL
392583 (E.D. Pen. 1992).............................................................................. 15

Beanal v. Freeport-McMoran, Inc., 197 F.3d 161 (5th Cir. 1999) ................................ 11

Bender v. Southland Corp., 749 F.2d 1205 (6th Cir. 1984)........................................... 8

Erit v. Judge, Inc., 961 F. Supp. 774 (D.N.J. 1997) .................................................. 14

Frith v. Guardian Life Ins. Co. of America, 9 F. Supp. 2d 734 (S.D. Tex. 1998) ......... 10

Guidry v. Bank of LaPlace, 740 F. Supp. 1208 (E.D. La. 1990), aff'd in part and
modified in part, 954 F.2d 278 (5th Cir. 1992) ........................................................ 8

McKee v. Pope Ballard Shepard & Fowle, Ltd., 604 F. Supp. 927 (N.D. Ill. 1985)....... 9

Tuchman v. DSC Communications Corp., 14 F.3d 1061 (5th Cir. 1994) ...................... 5

United States v. Ivey, 949 F.2d 759 (5th Cir. 1991)................................................ 15

United States ex rel. Russell v. Edip Healthcare Management Group, 193 F.3d
304 (5th Cir. 1999)................................................................................................. 9

United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d
899 (5th Cir. 1997) ............................................................................................... 5

Williams v. WMX Tech., Inc., 112 F.3d 175 (5th Cir.), cert. denied, 522 U.S. 966
(1997)..................................................................................................................2,4

Zuckerman v. Foxmeyer Health Corp., 4 F. Supp. 2d 618 (N.D. Tex. 1998)........... 9, 10

## STATE CASES

Holmin v. TRW, Inc., 330 N.J.Super. 30, 748 A.2d 1141 (App. Div. 2000) ................ 11

Knapp v. Potamkin Motors Corp., 253 N.J.Super. 502, 602 A.2d 302 (Law Div.
1991) ................................................................................................................. 11

McCurry v. Aetna Cas. & Sur. Co., 742 S.W.2d 863 (Tex. Civ. App.-Corpus
Christi 1987)...................................................................................................... 11

## STATUTES

21 U.S.C. § 801a.................................................................................................. 15

## RULES

Fed. R. Civ. P. 9(b) ...................................................................................................... passim

Fed. R. Civ. P. 12(b)(6).................................................................................................. 10,16

## TREATIES

United Nations Convention on Psychotropic Substances, 1019 U.N.T.S. 175
(1971)............................................................................................................................... 14

CVisPDF - www.texlia.com

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The plaintiffs named above have commenced this action against defendants Ciba-Geigy Corp. USA[1] and Novartis Pharmaceuticals Corp. (collectively "Novartis") and two non-profit corporations, alleging fraud and negligent misrepresentation, civil conspiracy, violation of Article 10 of the United Nations Convention of Psychotropic Substances, and violation of the New Jersey Consumer Fraud Act (NJCFA). Plaintiffs base their claims on the defendants' alleged conduct concerning the drug Ritalin® and its use in treating the disorders Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD). Plaintiffs purport to be acting on behalf of a class of all persons who bought Ritalin® during the four years preceding the filing of the complaint. Complaint ¶ 55.[2]

On October 17, 2000, the Court granted defendants' first Rule 9(b) motion and ordered plaintiffs to replead their causes of action with particularity by November 17, 2000, giving defendants until December 15, 2000 to bring any follow-up motions to dismiss. The Court also stayed discovery and deferred ruling on defendants' motion to bifurcate discovery until resolution of the motions to dismiss. On November 17, 2000, plaintiffs' counsel served Plaintiffs' First Amended Complaint for Damages and Injunctive Relief (hereafter "Amended Complaint"). This motion follows.

---

[1] CIBA-GEIGY Corp. USA no longer exists. Novartis Pharmaceuticals is the successor to CIBA-GEIGY Corp. USA for all purposes relevant to this lawsuit.

[2] Plaintiffs' initial pleading was captioned as a "Petition" in state court before removal to this Court. For convenience of reference, this memorandum will refer to that pleading as a "complaint," consistent with the federal rules.

1

## STATEMENT OF ISSUES TO BE RULED ON BY THE COURT

With two possible exceptions,[3] all of the claims in plaintiffs' Amended Complaint still rest on allegations of fraud; and, as before, these fraud allegations still lack the particularity required by Fed. R. Civ. P. 9(b). In particular, the Amended Complaint still does not identify a single specific representation that plaintiffs claim is false. Although plaintiffs were given a second chance, this Amended Complaint makes clear that plaintiffs cannot plead their fraud claims with the required particularity. Accordingly, Novartis again moves this Court to dismiss plaintiffs' complaint, this time with prejudice. E.g., Williams v. WMX Tech., Inc., 112 F.3d 175, 177 (5th Cir.), cert. denied, 522 U.S. 966 (1997).

In the alternative, Novartis requests that the Court dismiss all or part of plaintiffs' claims on the following grounds:

- Plaintiffs do not allege that their children do not in fact have ADD/ADHD or that their children's treatment with Ritalin has not in fact been effective, and their Amended Complaint therefore fails to state a claim on which relief can be granted.

---

[3]  Paragraph 38 of the Amended Complaint alleges that Novartis "negligently failed to warn of the side effects of Ritalin, and its lack of efficacy." This allegation is addressed separately below in section B.

Plaintiffs also allege that Novartis has violated Article 10 of the United Nations Convention on Psychotropic Substances. Amended Complaint ¶ 33. The Court noted in its November 17, 2000 Order that Article 10 does not, at least on its face, involve fraud, and did not require plaintiffs to replead the Article 10 allegations with particularity at that time. The Article 10 allegations are nonetheless subject to dismissal because, as the Court anticipated in its November 17 Order, the Convention does not in fact imply a cause of action. See section D below for a full discussion.

- Plaintiff Butler's admission that she did not receive or rely on any representation by any defendant defeats her claims, as a matter of law.

- Plaintiffs' allegations under Article 10 of the United Nations Convention on Psychotropic Substances fail to state a valid cause of action.

## SUMMARY OF THE ARGUMENT

This Court should dismiss plaintiffs' claims for their continued failure to plead their allegations of fraud with the particularity required by Rule 9(b). Notwithstanding the Court's specific direction that they do so, plaintiffs have failed again to allege with particularity any of the circumstances of the supposedly fraudulent misrepresentations on which they base their claims. Plaintiffs have not specified the substance of the supposed representations, their time and location, or even the identity or position of the person(s) making the purposed statements. Novartis therefore urges the Court to dismiss plaintiffs' fraud-based claims with prejudice.

Alternatively, the Court should dismiss all or part of plaintiffs' claims for the following reasons: the failure to allege a requisite causal connection, since plaintiffs do not claim their children have been wrongfully diagnosed or improperly treated; plaintiff Butler's failure to allege reliance or an ascertainable loss as a result of the alleged misrepresentations; and, the nonviability of plaintiffs' purported claim under Article 10 of the United Nations Convention on Psychotropic Substances ("the Convention"), since such Act does not provide a private cause of action.

## ARGUMENT

**A.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS HAVE NOT PLED THEIR CLAIMS WITH THE SPECIFICITY REQUIRED BY RULE 9(b).**

Having already given plaintiffs the opportunity to replead their deficient claims, this Court should now dismiss plaintiffs' claims for fraud, conspiracy, and violation of the NJCFA on the ground that they have failed to allege the circumstances underlying these fraud-based claims with the particularity required by Rule 9(b). Plaintiffs have again failed to allege either the substance of the misrepresentations they attribute to any particular defendant or the time, place, manner or communicator of these claimed statements. Plaintiffs' failure to plead these allegations with particularity, even after the Court specifically directed them to do so, demonstrates that plaintiffs' claims are fatally vague and compels dismissal.

### 1.    Rule 9 Requires Plaintiffs to Plead the Circumstances of Their Claims with Particularity.

The purposes behind Rule 9(b) and the requirements it imposes on plaintiffs in this case were set forth in detail in Novartis's and other defendants' initial Rule 9(b) motion, and Novartis will not repeat them at length here. In brief, Rule 9(b) requires in relevant part:

> **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Reduced to its essence, the rule requires the plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made,

4

and explain why the statements were fraudulent." <u>Williams v. WMX Tech., Inc.</u>, 112 F.3d 175, 177 (5th Cir.), <u>cert</u>. <u>denied</u>, 522 U.S. 966 (1997). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." <u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 903 (5th Cir. 1997) (quoting <u>Williams</u>); <u>see also Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1068 (5th Cir. 1994).

In the present case, the Court has already ruled that Rule 9(b)'s requirements apply to plaintiffs' fraud, conspiracy, and fraud-based NJCFA claims. Order at 4-6, 7-8. The Court also observed that it is possible to plead a claim under the NJCFA that is not grounded in fraud. Order at 5-6. For this reason, the Court directed that, if plaintiffs intended to assert such a non-fraud-based violation of the NJCFA, their amended complaint was to "explicitly differentiate" such claims from the fraud-based claims subject to Rule 9(b). Order at 6. Plaintiffs have made no such differentiation in their amended NJCFA count. Amended Complaint at pp. 44-47. Necessarily, then, all of plaintiffs' NJCFA claims must be based on fraud and subject to Rule 9(b)'s particularity requirement.

## 2. Plaintiffs' Complaint Fails to Allege with Particularity the Substance of Defendants' Supposed Misrepresentations.

Plaintiffs' Amended Complaint still fails to allege with particularity the supposed core of their action -- the alleged misrepresentation(s) of fact concerning ADD/ADHD and Ritalin® on which plaintiffs' legal theories rest. Like their initial complaint, plaintiffs' Amended Complaint never identifies any misrepresentations that Novartis or the other defendants have supposedly made about ADD/ADHD and/or Ritalin®. Although the pleading is peppered with references to misrepresentations and

concealment, plaintiffs still fail to actually allege that any defendant made any specific statement about ADD or ADHD or the treatment of those conditions with Ritalin®.[4]

The lack of particularity is perhaps most blatant in plaintiffs' fraud count (Amended Complaint ¶¶ 35-40), which rests on the following factual allegation:

> For many years, all Defendants have made fraudulent misrepresentations to the public, the scientific community and the media concerning the scope and extent of ADD and ADHD. These misrepresentations were made as statements of scientific fact, but were known by defendants to be untrue.

Amended Complaint ¶ 36. If defendants made representations to such a broad audience over many years, plaintiffs certainly should be able to specifically identify at least some of those representations. Plaintiffs fail to do so. Likewise, if defendants' "statements of scientific fact" were untrue, as plaintiffs contend, plaintiffs should be able to state the "true" scientific facts. Again, plaintiffs fail to do so.

Similarly, plaintiffs' Amended Complaint refers to only two specific documents, but does not in either instance identify any representation in that document that plaintiffs claim to be false. For instance, the Amended Complaint alleges that the Hernandez plaintiffs "reviewed product literature published by defendant CHADD and paid for by

---

[4]     As in the initial complaint, the Amended Complaint's only attribution of any specific language to any defendant appears in paragraph 10, in which plaintiffs allege:

> [Ritalin®] was promoted, beginning in the 1960's, by Ciba as an antidepressant "which brightens moods and improves performance." Defendant also claimed effectiveness for depression, chronic fatigue and psychoneurosis.

These fragments plainly are not specific allegations of fraudulent misrepresentations. Even if they were, however, this paragraph provides no support for plaintiffs' claims here, which involve ADD and ADHD and which arise from the time period from 1996 to 2000.

Novartis" and "considered the representations therein." Amended Complaint ¶ 11.[5]  The Amended Complaint, however, does not identify what that literature was, does not attach a copy of it to the complaint, and, most importantly, does not identify what "representations therein" were intentionally false.  In addition, the Amended Complaint refers several times to the DSM-III and the DSM-IV, alleging that Novartis "conspired" with the APA to have ADD and ADHD listed in those volumes.  Again, however, the Amended Complaint does not identify a single statement in the DSM that it claims is false.  The Amended Complaint also does not explain in any way <u>how</u> a statement in the DSM may be "false" at all, given the nature of the DSM.  The DSM is a collection of diagnostic criteria, or guidelines for diagnosis, based on the opinions of professionals in the field.  It is impossible to characterize any such criteria, or opinions, as "true" or "false."  One may believe that the criteria should be different, but that is a difference of opinion and does not make the criteria "false."  Plaintiffs' Amended Complaint offers no way to avoid this conclusion.

Indeed, instead of getting more specific, the Amended Complaint recites virtually the same vague and conclusory allegations as the initial complaint, suggesting that misrepresentations have occurred without ever identifying the substance of those misrepresentations.  For example:

- "Novartis continuously misrepresented to the consuming public, physicians and other interested parties, the efficacy of the drug Ritalin."  Amended Complaint ¶26; compare initial complaint ¶ 16 (same language);

---

[5]  Somewhat surprisingly, the Complaint specifically alleges that plaintiff Butler did <u>not</u> review or consider any literature from CHADD or Novartis.  Amended Complaint p. 12.  As discussed in section C below, this admission is fatal to her claims.

7

- "Distributing misleading sales and promotional literature" and "Misrepresenting . . . the efficacy of the drug Ritalin." Amended Complaint ¶¶ 43(3) & (5); compare initial complaint ¶¶ 29(3) & (5) (same language).

These vague allegations about the efficacy of Ritalin® are particularly troublesome given plaintiffs' recent concession that Ritalin can be effective. As the Court will recall, plaintiffs' counsel acknowledged at the October 16, 2000 hearing in this case that Ritalin® **is** an appropriate treatment for ADD/ADHD, at least for some children. See Oct. 16, 2000 transcript at 38:16–39:2. Given this concession, plaintiffs are especially obligated to state with particularity exactly what representation(s) Novartis made about the efficacy of Ritalin® that was false, inasmuch as plaintiffs concede that at least some representations that the medication is effective would be true. Plaintiffs' Amended Complaint, however, is silent on this topic and makes no particularized allegations whatever about any defendant's claimed representations on this subject.

Without knowing what representations it is claimed to have made, Novartis cannot prepare to defend this case: it cannot ascertain whether it actually made the representation in question, cannot evaluate whether the representation was true, and cannot determine the context of the representation or the reliance of plaintiffs on it. To comply with Rule 9(b), a complaint must allege "the 'time, place and contents of the false representations [or omissions], as well as the identity of the person making the misrepresentations [or omissions] and what was obtained or given up thereby.'" Guidry v. Bank of LaPlace, 740 F. Supp. 1208, 1216 (E.D. La. 1990), aff'd in part and modified in part, 954 F.2d 278, 288 (5th Cir. 1992), quoting Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982); see also Bender v. Southland Corporation, 749 F.2d 1205, 1216 (6th Cir.

1984). Plaintiffs here have again failed to identify with particularity the supposed misrepresentations or omissions on which all their claims rest, and the Court should dismiss their complaint.

> **3.** **Plaintiffs' Complaint Fails to Allege with Particularity the Time and Location of and the Participants in Defendants' Supposed Misrepresentations.**

In addition to the substance of the misrepresentation, Rule 9(b) requires that the complaint set forth the time and place of, and the identities of the parties participating in, the fraud. E.g., United States ex rel. Russell v. Edip Healthcare Management Group, 193 F.3d 304, 308 (5th Cir. 1999). The identity of the parties is particularly important. As one court noted:

> The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are "lumped together" and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given, nor the situs and circumstances of the conversation, nor . . . the date of the utterance.

McKee v. Pope Ballard Shepard & Fowle, Ltd., 604 F. Supp. 927, 931 (N.D. Ill. 1985); see also Zuckerman v. Foxmeyer Health Corp., 4 F. Supp. 2d 618 (N.D. Tex. 1998).

Here, plaintiffs' Amended Complaint fails to identify any of the people that supposedly made the representations at issue. The Amended Complaint does not name a single officer, agent or representative of any of the defendants anywhere in the pleading. This vague approach to identifying culpable parties does not comply with Rule 9(b).

9

"[A] plaintiff must attribute the misleading statements on which his claim is based to a particular defendant. In other words, 'the plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud.'" Zuckerman at 622, quoting In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 752 (N.D. Cal. 1997).

Plaintiffs' Amended Complaint is also silent on when, where, and in what manner defendants' claimed misrepresentations took place. Although the Amended Complaint (like its predecessor) sometimes alludes to ranges of years in reciting plaintiffs' version of the history of Ritalin®, it never suggests *when* the alleged misrepresentations took place with any particularity whatever. The Amended Complaint likewise leaves the method(s) of the supposed misrepresentations unacceptably obscure. Most paragraphs allege only "statements" or "misrepresentations," without suggesting whether the statements were oral, broadcast, written in correspondence, product literature, advertisements, or scholarly journals, or communicated by some other means. Even where the Amended Complaint does allude to a medium, as it does to "literature" in ¶ 11 and "misleading sales and promotional literature" in ¶¶ 23(4) and 43(3), it gives no further description and  identifies no specific documents.

Collectively, these omissions prove fatal to plaintiffs' Amended Complaint. Without more specific pleadings, Novartis cannot prepare an adequate defense. As one court noted:

> Plaintiffs do not state the time, place, name of the agent, or content of the agent's purported fraudulent statements and misrepresentations as required by Rule 9(b). . . Without such information, [defendants] cannot "prepare an effective response and defense" to all of Plaintiffs' allegations.

<u>Frith v. Guardian Life Ins. Co. of America</u>, 9 F. Supp. 2d 734, 743 (S.D. Tex. 1998), quoting <u>Mitchell Energy Corp. v. Martin</u>, 616 F. Supp. 924, 927 (S.D. Tex 1985).

Consistent with the above authority and the Courts prior ruling, the Plaintiffs' Amended Complaint fails to meet the particularity requirement of Rule 9(b). Because plaintiffs have already had an opportunity to amend their complaint to correct the lack of particularity, Novartis urges the Court to dismiss with prejudice.

**B.    PLAINTIFFS FAIL TO STATE A VALID CLAIM BECAUSE THEY DO NOT ALLEGE THAT THEIR CHILDREN'S ADD/ADHD DIAGNOSES WERE MISTAKEN OR THAT THEIR TREATMENT WITH RITALIN® WAS INAPPROPRIATE.**

Plaintiffs' claims are subject to dismissal not only pursuant to Rule 9(b), but also pursuant to Fed. R .Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, plaintiffs have not alleged that their children who were diagnosed with ADD/ADHD and treated with Ritalin® were incorrectly diagnosed or inappropriately treated. In the absence of such allegations, the plaintiff parents cannot as a matter of law claim that they suffered any damages as a result of their purchase of Ritalin®.

Dismissal under Rule 12(b)(6) is appropriate when it appears that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. <u>Beanal v. Freeport –McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999). That is the very situation presented by plaintiffs' Amended Complaint here. Even if everything in plaintiffs' Amended Complaint were taken as true, plaintiffs nevertheless would not be entitled to recover damages because they have suffered no injury, <u>McCurry v. Aetna Cas. & Sur. Co.</u>, 742 S.W.2d 863, 867 (Tex. Civ. App. – Corpus Christi 1987); <u>Holmin v. TRW, Inc.</u>,

330 N.J.Super. 30, 748 A.2d 1141, 1145 (App. Div. 2000), or, in the words of the NJCFA, no "ascertainable loss." <u>Knapp v. Potamkin Motors Corp.</u>, 253 N.J.Super. 502, 602 A.2d 302, 303 (Law Div. 1991).

Plaintiffs have admitted in open court that there are in fact some children who have the serious condition ADD/ADHD and that some of these children are appropriately treated with Ritalin.  Specifically, in response to the Court's question, plaintiffs' counsel acknowledged these facts:

> THE COURT:  Okay.  So, are the allegations that this is a totally made-up diagnosis—I mean, you said something about in the alternative.  Well, if you're talking about <u>fraud and making something up versus fraud and overgeneralizing</u>, I think that's what's going to be a totally different animal.
>
> MR. SIEGEL:  I think, your honor, we accept the opportunity to replead and if our allegations are causing confusion, we will hopefully plead more clearly next time.  I think the thrust of our case is that <u>we do not deny that there are a small—what we believe to be a smaller or much smaller number of children who have a serious problem, a smaller subset of whom can be appropriately treated with methylphenidate.</u>

Oct. 16, 2000 transcript at 38:16–39:2.  (Attached as Exhibit A.)  In their Amended Complaint, plaintiffs allege that their children have been diagnosed with ADD/ADHD and have been treated with Ritalin.  Amended Complaint ¶¶ 11, 12.  Plaintiffs do not, however, allege that their children do not in fact have ADD/ADHD or that their children's treatment with Ritalin has not in fact been effective.  Indeed, just the opposite can be inferred since the Amended Complaint makes clear that Miguel Hernandez took Ritalin into June 2000 – after this lawsuit was filed.  Amended Complaint ¶ 11.

12

This omission is fatal to plaintiffs' claims. In their initial complaint, plaintiffs hinted ambiguously that ADD and ADHD were complete fictions and that Ritalin® was completely useless. Given that suggestion, it was not clear that plaintiffs needed to allege that their own children were misdiagnosed and mistreated; the entire premise of their case was presumably that <u>every</u> child diagnosed with ADD/ADHD and treated with Ritalin® was misdiagnosed and mistreated. Now, however, plaintiffs have acknowledged that ADD/ADHD exists and that Ritalin is an appropriate treatment, at least for some children. The only way plaintiffs can establish a viable claim for damages under this scenario, then, is to allege that their children do not in fact have the ADHD with which they were diagnosed and were not appropriately treated with Ritalin®. They make no such allegations anywhere in the Amended Complaint and, as a result, cannot as a matter of law establish that they have suffered any damages. The "certain sums of money" plaintiffs claim they expended in purchasing Ritalin®, Amended Complaint ¶¶ 11, 12, were expended (so far as the Amended Complaint is concerned) on appropriate treatment for their children for a properly diagnosed disorder.

In short, plaintiffs do not allege that their children were misdiagnosed or inappropriately treated. Likewise, they do not claim that the children suffered any of the alleged side effects about which they claim Novartis failed to warn. As a matter of law, plaintiffs who purchased Ritalin for children with ADD/ADHD who were effectively treated by the medication have suffered no damage and cannot maintain the present action.[6]

---

[6]     This analysis also applies to the putative class for whom plaintiffs purport to act. See Amended Complaint ¶ 55. Plaintiffs do not allege that any of the putative class members' children were misdiagnosed with ADHD or inappropriately treated with Ritalin®. On the contrary, plaintiffs assert that their own claims are typical of the putative class, that they

C.  **THE COURT SHOULD DISMISS PLAINTIFF BUTLER'S CLAIMS FOR FAILURE TO STATE A CLAIM, BASED ON HER DISAVOWAL OF ANY RELIANCE ON DEFENDANTS' ALLEGED REPRESENTATIONS.**

The Court should also dismiss plaintiff Butler's claims in their entirety because the Amended Complaint specifically disavows any reliance by Butler on any representation by any of the defendants.  In the paragraph of the Amended Complaint setting out Ms. Butler's claimed standing to bring her claims, she alleges:

> Heather Butler has not reviewed literature published by defendant CHADD and paid for by defendant Novartis.

Amended Complaint ¶ 12.  (This allegation contrasts with the allegations concerning the Hernandezes, who claim that they reviewed such literature and "considered the representations found therein," although the nature of the representations is not specified. Amended Complaint ¶ 11.)

Each of plaintiffs' legal theories depends upon a claim of reliance as the vital causal connection.   E.g., Amended Complaint ¶¶ 39-40 (Fraud and Negligent Misrepresentation), ¶ 47 (NJCFA).[7]  Even plaintiffs' class action allegations demonstrate the necessity of this reliance, as they list the question of "whether plaintiffs and other

_____

"assert the same claims that other class members could and would assert," and that their own claims are "not subject to any unique defense." Id. ¶ 51.  Thus, based on plaintiffs' allegations, the putative class members have suffered no damages, and have no cause of action here.

[7]  Under the NJCFA, the reliance element is replaced by the requirement of causation. Specifically, a private plaintiff pursuing damages under the NJCFA must prove that he was misled and damaged as a proximate result of a violation of the Act. See Knapp v. Potamkin Motors Corp., 602 A.2d 302, 303 (N.J. Super. Ct. Law Div. 1991); Erit v. Judge, Inc., 961 F. Supp. 774, 781 (D.N.J. 1997).

14

similarly situated in fact did rely on these representations" as a claimed "common" issue of fact. Amended Complaint ¶ 49(*3).

Plaintiff Butler, however, has specifically disavowed any reliance on any representation by any defendant. Indeed, she does not even claim that any of the defendants **made** any representation to her. This disavowal of any reliance defeats plaintiff Butler's claims in this action as matter of law, and the Court should dismiss her claims in their entirety.

## D. THE COURT SHOULD DISMISS ANY CLAIM BASED ON ARTICLE 10 OF THE UNITED NATIONS CONVENTION OF PSYCHOTROPIC SUBSTANCES FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Finally, the court should dismiss plaintiffs' claim that Novartis has "repeatedly violated Article 10 of the United Nations Convention on Psychotropic Substances, 1019 U.N.T.S. 175 (1971)" through financial contributions to CHADD "with the purpose of advertising and promoting sales of Ritalin." Plaintiffs' Amended Complaint ¶ 33[8]. Such claim is not viable because the Convention is not self-executing and therefore does not give rise to a private right of action.

"For a private individual to enforce a private right of action, the treaty must be self-executing, that is, it must prescribe rules by which private rights may be determined." Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Insurance Company, 1992 WL 392583, 2 (E.D. Pen. 1992). The legislation implementing the

---

[8]   It is unclear that plaintiffs plead a separate claim under Article 10 of the Convention. The Court's order of October 17, 2000, however, discusses these allegations as if they are a separate claim. For that reason, Novartis seeks to dismiss any such claim.

Convention expressly states that "[t]he [Convention on Psychotropic Substances] is not self executing, and the obligations of the United States thereunder may only be performed pursuant to appropriate legislation." 21 USC § 801a (2).  Thus, the Convention cannot be used by the plaintiffs as a basis for a separate cause of action.

Any rights that the Convention purportedly gives to an individual must come from the implementing legislation.  As the Fifth Circuit pointed out in United States v. Ivey, 949 F.2d 759, 764 (5th Cir. 1991) while interpreting the Convention on International Trade in Endangered Species of Wild Fauna and Flora, "[t]he Convention standing alone is not the law of the United States because it is not self-executing.  It is the implementing legislation, and not the treaty itself, which is the law of the land."  Plaintiffs here, however, do not rely on the implementing legislation of the Convention; rather, they simply cite to Article 10.  As the Court in Ivey clearly stated, the Convention is not the "law of the land" and by itself confers no private right of action.

The implementing legislation states that "[i]t is the intent of the Congress that the amendments made by this Act, together with existing law, will enable the United States to meet all of its obligations under the Convention and that no further legislation will be necessary for that purpose." 21 U.S.C. § 801a (2).  The statute goes on to provide:

> In implementing the Convention on Psychotropic Substances, the Congress intends that, consistent with the obligations of the United States under the Convention, control of psychotropic substances in the United States should be accomplished within the framework of the procedures and criteria for classification of substances provided in the Comprehensive Drug Abuse Prevention and Control Act of 1970 [21 U.S.C. § 801 et. seq.].

21 U.S.C. § 801a (3).

Plaintiffs do not cite to any portion of the Drug Abuse Prevention and Control Act. In fact, plaintiffs cite to no federal laws or regulations whatsoever.  Rather, plaintiffs

merely refer to the Convention, which in and of itself offers no cause of action. Indeed, even if plaintiffs cited to the Drug Abuse Prevention and Control Act, there is nothing within the Act which would provide plaintiffs with a cause of action in this case.

In summary, Article 10 of the Convention, cited and relied upon by plaintiffs, provides no basis for a cause of action, and any claims asserted under the Convention must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiffs, by their Amended Complaint, have completely failed to meet the requirements of particularity and specificity required by Rule 9(b) and dictated by the Court's October 17, 2000 Order. The Court should accordingly dismiss the Amended Complaint for plaintiffs' failure to comply with the requirements of Rule 9(b). Alternatively, Novartis urges the Court to dismiss plaintiff's claims for failure to state a claim on which relief can be granted under Rule 12 (b)(6).

On this 15th day of December, 2000

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
attorney-in-charge
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949

Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

James A. O'Neal
Minnesota Bar No. 8248X
Joseph M. Price
Minnesota Bar No. 88201
Bruce Jones
Minnesota Bar No. 179553
Faegre & Benson LLP
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000
Fax (612) 336-3026

Earl B. Austin
State Bar No. 1437300
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6542
Fax (214) 953-6503

Attorneys for Defendants Ciba-Geigy Corp. USA and Novartis Pharmaceuticals Corp.

18

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served by United States mail, via certified service, return receipt requested, to counsel of record as follows:

Frank Costilla
Law Offices of Frank Costilla
5 East Elizabeth
Brownsville, Texas 78520
Attorneys for Plaintiffs

C. Andrew Waters
Peter Kraus
Waters & Kraus
4807 West Lovers Lane
Dallas, Texas 75209
Attorneys for Plaintiffs

Charles S. Siegel
Law Office of Charles S. Siegel
3402 McFarlin, Suite 200
Dallas, Texas 75205
Attorneys for Plaintiffs

Robert P. Charrow
Crowell & Moring
1001 Pennsylvania Ave., NW
Washington, DC 20004
Attorneys for American Psychiatric Association

Andrew C. Schirrmeister III
George R. Diaz-Arrastia
Schirrmeister Ajamie, LLP
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, Texas 77002
Attorneys for American Psychiatric Association

19

Gerald Zingone
Arent & Fox
1050 Connecticut Ave. NW
Washington, DC 20036
Attorneys for Children and Adults with Attention
Deficit/Hyperactivity Disorder (CHADD)

Tom A. Lockhart
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Attorneys for Children and Adults with Attention
Deficit/Hyperactivity Disorder (CHADD)

On this 15th day of December, 2000

R. Patrick Rodriguez