67

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| Maria Elena Hernandez, | ) | |
| Miguel Angel Hernandez, | ) | |
| Heather Butler, individually and, | ) | |
| on behalf of all others similarly | ) | |
| situated, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | CIVIL ACTION NO. B-00-82 |
| v. | ) | |
|  | ) | |
| CIBA-GEIGY Corp. USA, | ) | |
| Novartis Pharmaceuticals Corp., | ) | |
| Children and Adults with Attention- | ) | |
| Deficit/Hyperactivity Disorder (CHADD), | ) | |
| American Psychiatric Association, | ) | |
|  | ) | |
|  | ) | |
| Defendants. | ) | |

## DEFENDANT AMERICAN PSYCHIATRIC ASSOCIATION'S
## REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
## RENEWED MOTIONS TO DISMISS AMENDED
## COMPLAINT PURSUANT TO RULE 12(b)(6) AND RULE 9(b)

The American Psychiatric Association ("APA") moved to dismiss Plaintiffs' Amended

Complaint on two grounds: (1) that the Amended Complaint fails to allege a fundamental

element of Plaintiffs' claim against the APA– a "causal" nexus between the alleged fraudulent

conduct by the APA and the alleged injury to Plaintiffs; and (2) that the Amended Complaint

fails to comply, even remotely, with either this Court's October 17 Order requiring Plaintiffs to

plead their allegations with greater specificity *or* the established pleading requirements under

Fed. R. Civ. P. 9(b).

With respect to the first ground, Plaintiffs' Response simply fails to address the substance of APA's Motion to Dismiss for failure to state a claim, and the Motion should be deemed "unopposed," pursuant to Local Rule 7.4. Given the continuing void in the core "causation" allegations in Plaintiffs' Amended Complaint, the APA's motion under Rule 12(b)(6) should be granted. As to the second ground, despite some minor tinkering with certain of the allegations set out in their original Complaint, Plaintiffs' Amended Complaint fares no better under Rule 9(b) – *nor* does it comply with the explicit direction set out by this Court in its October 17 Order. Moreover, these deficiencies would not be cured even *were* this Court to accept Plaintiffs' unprecedented attempt to inject a yet-to-be-filed *second* amended complaint into these proceedings (as an attachment to Plaintiffs' opposition).

Finally, dismissal of Plaintiff's claims against the APA is all the more warranted, given the withdrawal of their allegation that the statements in the DSM are "false." *See* Plaintiffs' Response at 6. Such a concession is fatal to Plaintiffs' claim. Because "falsity" is a *sine qua non* of fraud, Plaintiffs are left with a complaint which does not even *remotely* set forth a viable claim of fraud under Texas law. Under these circumstances, and as more fully discussed below, the APA respectfully requests the Court to grant its motions, and to dismiss the instant action with prejudice.

A.   **Plaintiffs' Failure to Respond to the APA's Rule 12(b)(6) Motion Requires Dismissal.**

Plaintiffs' "clarification" at the October 16 hearing – that their claim is *not* that ADHD does not exist, but rather that the DSM's diagnostic criteria for ADHD are "overbroad" – requires them to allege a causal connection between those allegedly overbroad criteria and the injury claimed in their lawsuit, *e.g.*, the "unnecessary" purchase of Ritalin. This "causal connection" must be premised upon an allegation that the prescription (and, therefore, the

2

purchase) of Ritalin for Plaintiffs was improper, and further, that that improper prescription was caused by a misdiagnosis which was *based upon the DSM*.

While the Amended Complaint includes vague allegations regarding the DSM's "overbroad" criteria for diagnosing ADHD, it fails to allege *any* causal link whatsoever between those criteria and a misdiagnosis of Plaintiffs – or an improper prescription of Ritalin for those Plaintiffs – by a treating professional. Specifically, the Complaint includes *no* facts concerning the psychiatrists or other professional clinicians who might have diagnosed Plaintiffs with ADHD and/or prescribed Ritalin, and reflects no attempt whatsoever to connect any diagnosis or prescription with the DSM. It is well-settled, however, that fraud-based claims, to be actionable, require proof of a nexus between the alleged fraudulent act and the injury. *See Oppenheimer v. Pruential Securities Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) ("elements of fraud are a material misrepresentation . . . which caused injury"); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (conspiracy requires damages "as the proximate result" of the alleged conspiratorial acts); *Feinberg v. Red Bank Volvo, Inc.*, 752 A.2d 720, 723 (N.J. Super. Ct. App. Div. 2000) (Consumer Fraud Act requires proof that the "unlawful consumer fraud caused [plaintiff's] loss"). The Amended Complaint – absent this causal link – must be dismissed against the APA for failing to state a claim.

### 1. APA's Motion Should Be Deemed Unopposed.

With this backdrop, the APA moved to dismiss the Amended Complaint, under Rule 12(b)(6), for failure to state a claim. Although Plaintiffs, in their "Response to Defendants' Renewed Motions to Dismiss," addressed APA's arguments supporting its Rule 9(b) Motion to Dismiss, they failed to cite to any authority in opposition to – or, indeed, even to *address* – APA's arguments supporting its 12(b)(6) motion. Pursuant to Local Rule 7.4, a "[f]ailure to

3

respond [to a motion] will be taken as a representation of no opposition."[1] Courts considering

this rule routinely have granted meritorious motions in which the opponent has failed to

respond.[2] Given Plaintiffs' utter failure to address – let alone oppose – the merits of the APA's

position on this critical deficiency in the Amended Complaint, the APA's 12(b)(6) motion should

be deemed "unopposed."

> **2.    Plaintiffs' Attempt to Inject a Yet-To-Be Filed Complaint into this Proceeding has no Effect on Disposition of the Pending Motions.**

Plaintiffs' attempt to inject a purported "second amended complaint" (attached by

Plaintiffs to their Response) for the Court's consideration plainly does not cure this deficiency.

As a procedural matter, the "second amended complaint" is not properly before the Court, (*see*

---

[1]   LR7.4 provides. *Failure to respond will be taken as a representation of no opposition.* Responses to motions

> A.   Must be filed by the submission day;
>
> B.   Must be written;
>
> C.   *Must include or be accompanied by authority; and*
>
> D.   Must be accompanied by a separate form order denying the relief sought.

(*emphasis added.*)

[2]   Although a motion may not be granted *solely* because a nonmovant fails to respond, the Court may "decide the merits of this case solely on Defendants' Motion and competent supporting evidence . . . ." *Nail v. Brazoria County Drainage Dist. No. 4*, 992 F. Supp. 921, 924 (S.D. Tex. 1998), *aff'd*, 176 F.3d 480 (5th Cir. 1999). *See, e.g., Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (affirming dismissal where "[Plaintiff] offered no evidence of Defendants' amenability to personal jurisdiction of the court in opposition to the subject motion or in support of its own motion requesting reconsideration"); *Nail,* 992 F. Supp. at 924 (granting defendants' unopposed motion for summary judgment and dismissing plaintiff's claims with prejudice, stating "Court is entitled to decide the merits of this case solely on Defendants' Motion and competent supporting evidence because Plaintiff has proffered no controverting evidence"); *Jenkins v. Board of Educ. of Houston Indep. School Dist.*, 937 F. Supp. 608, 614 (S.D. Tex. 1996) (granting unopposed motion for partial dismissal for failure to state a claim because "[u]nopposed motions are routinely granted"); *Garcia v. Madigan*, No. H-91-1992, 1991 WL 626449 at *1 (S.D. Tex. Nov. 29, 1991) ("plaintiff's failure to respond to the motions

(Footnote continued...)

4

Fed. R. Civ. P. 15).[3]  More significant, it *too*, is utterly devoid of allegations which address the

missing "causation" link.  Thus, even were the Court to permit Plaintiffs to amend their

complaint a *second* time, the proposed "second amended complaint" would suffer the same fatal

deficiencies as the two preceding complaints.[4]

### B. Plaintiffs' First Amended Complaint Fails to Comply Either With Fed. R. Civ. P. 9(b) or the Pleading Requirements Set Out in this Court October 17 Order.

The APA's Renewed Motion to Dismiss for failure to comply with FRCP 9(b) described

a number of critical ways in which Plaintiffs' Amended Complaint fell far short of the Court's

October 17 Order and established Rule 9(b) requirements.  Plaintiffs address only a handful of

these deficiencies – and, in the most cursory fashion – in their Response, but inexplicably go on

to assert that they do not allege that "the statements in the DSM are 'false'."  Response at 6.

Such an assertion is fatal to Plaintiffs' fraud – *and conspiracy* – claims against the APA.

It is axiomatic that, without a false statement, there can be no fraud:  "The elements of

fraud are a material misrepresentation, *which was false*, and which was either known to be false

when made or was asserted without knowledge of its truth, which was intended to be acted upon,

which was relied upon, and which caused injury." *Oppenheimer v. Prudential Securities Inc.*, 94

---

(...continued)
> to dismiss is taken as a representation of no opposition and defendants' motions could be granted on this basis alone").

[3]  Fed. R. Civ. P. 15 states that a party who already has amended the complaint once must seek leave of court or consent of the adverse parties in order to further amend the complaint.  In addition, Local Rule 7.1 requires that opposed motions be submitted only after conferring with the opposing party (LR 7.1(D)(1)).

[4]  Dismissal is especially proper here in light of Plaintiffs' complete failure to oppose APA's "absence of causation" arguments in their Response, their failure to remedy that deficiency in the purported "second amended complaint" and their *further* representation that they will not seek any further requests for leave to amend. *See* Plaintiffs' Response at 10.

F.3d 189, 194 (5th Cir. 1996) (emphasis added).  Thus, Plaintiffs – presumably in an attempt to "clarify" or "particularize" their allegations consistent with the requirements of Rule 9(b) and this Court's October 17 Order – essentially *concede* that their claims against the APA, premised as they are on "fraud" in developing and publishing the DSM, are not actionable.[5]

As to the pleading deficiencies themselves, the Amended Complaint[6] suffers from many of the same deficiencies identified in the initial Complaint, remaining deficient under both established 9(b) standards and this Court's October 17 Order.  For example:

- Despite being directed to do so by the Court, Plaintiffs have failed to clarify the nature of their allegation with respect to whether they were improperly diagnosed with ADHD.  *See* Response at 6 (standing on mere assertion that "plaintiffs *believe* they had no medical need for the prescription").

- This Court ordered Plaintiffs to restate the theory of their case so that the claims are consistent with the "overdiagnosis" theory represented by them at the hearing.  Yet, as the APA pointed out in its Motion to Dismiss, the Amended Complaint continues to hold to a "nonexistence of ADHD" theory in many critical respects, in particular the definition of the class.  *See* Amended Complaint ¶¶ 21, 22, 43(6), 55.  Plaintiffs did not address this deficiency in their Response.

- The Court ordered Plaintiffs to particularize their fraud pleadings.  In its Rule 9(b) Motion, the APA described in considerable detail how the Amended Complaint continued to lack the requisite particularity (*see* APA Rule 9(b) Motion at 10-15),

---

[5]    Moreover, perhaps sensing that the pending (First Amended) Complaint does not address the concerns outlined in the Court's October 17 Order, Plaintiffs have sought to inject into the record a yet-to-be filed second amended complaint.  But as noted above, the Complaint which is attributed to Plaintiffs' Response is not appropriately before the Court, as Rule 15 plainly requires Court approval before further amendment is permitted.

[6]    Plaintiffs suggest, in their Response, that they should be held to a lower standard of particularity under Rule 9(b).  *See* Response at 2-5.  To the contrary, because this lawsuit is a direct attack on the scientific process – protected by the First Amendment – by which professional clinicians and researchers review and interpret medical and other scientific literature to develop psychiatric diagnostic criteria, Plaintiffs should be held to a *higher* standard of "particularity."  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (when plaintiffs' allegations "strongly suggest[ ] that claimed 'fraud' walks close to non-actionable expression of opinion, 9(b) takes on especial force").

6

CimPDF - www.fenito.com

Plaintiffs' Response, however, addresses almost none of these points.

- The APA demonstrated that Plaintiffs, under controlling case law, may not rely on "information and belief" pleading, and presumed findings in future discovery, to support a speculative fraud claim under Rule 9(b). *See* APA Rule 9(b) Motion at 15-16. Once again, Plaintiffs' Response does not even address this major deficiency in the Amended Complaint.

Plaintiffs' response to the inadequacies of the Amended Complaint is that they have now "specifically enumerated the allegations against each defendant." Response at 4. In fact, the Amended Complaint, for the most part, merely inserts three headings, entitled "Allegations Against Defendant Novartis," "Allegations Against Defendant American Psychiatric Association," and "Allegations Against Defendant CHADD," at various places among paragraphs which are largely the same as those in the original complaint. *See* Amended Complaint at pp. 8, 11, 12. This is hardly the "specification of allegations" that the Court ordered. Apart from the new headings, the Amended Complaint continues to allege generally that "Defendants," as an undifferentiated group, engaged in broad actions such as advertising of Ritalin. *See* Amended Complaint ¶ 43(3) (All Defendants "distribut[ed] misleading sales and promotional literature"); ¶ 45(5) (All Defendants "misrepresent[ed] to the consuming public, physicians, and other interested parties, the efficacy of the drug Ritalin").

Plaintiffs' Response thus fails to address the vast majority of deficiencies identified by the Court at the October 16 hearing and in its subsequent Order. The Amended Complaint remains insufficient under both Rule 9(b) and Rule 12(b)(6), however, and should now be dismissed with prejudice.

## CONCLUSION

Plaintiffs' Response fails to address the major deficiencies in the Amended Complaint. Because the Amended Complaint fails to allege any causal link between the APA's publication of the DSM or other actions by the APA and the alleged injuries claimed by the Plaintiffs, and

because it further fails to comply with this Court's October 17 Order and FRCP Rule 9(b) – and indeed concedes the absence of "fraud" with respect to APA's actions in publishing the DSM – it should be dismissed with prejudice.

By:

Andrew C. Schirrmeister, III, Esq.
State Bar No. 17750650
Southern District of Texas Bar No. 5546
George R. Diaz-Arrastia, Esq.
State Bar No. 05805600
Southern District of Texas Bar No. 12
**Schirrmeister Ajamie LLP**
Pennzoil Place-South Tower
711 Louisiana, 21st Floor
Houston, TX 77002
(713) 860-1600 Telephone
(713) 860-1699 Facsimile

JoAnn E. Macbeth, Esq.
District of Columbia Bar No. 371264
David B. Siegel, Esq.
District of Columbia Bar No. 296616
Laurel Pyke Malson, Esq.
District of Columbia Bar No. 317776
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 Telephone
(202) 628-5116 Facsimile

Attorneys for American Psychiatric Association

Dated: February 19, 2001

1785407v4

8

## Certificate of Service

I hereby certify that a true and correct copy of American Psychiatric Association's Reply to Plaintiffs' Response to Defendants' Renewed Motions to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) and Rule 9(b) has been served on all counsel of record  by certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure, on this 16th day of February, 2001.

George R. Diaz-Arrastia